11/7/2019 4:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38326384
By: Nelson Cuero
Filed: 11/7/2019 4:06 PM

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

NO. _____

| | | |
|---|---|---|
| RENEE JEFFERSON-SMITH<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| | § | _____TH JUDICIAL DISTRICT |
| CITY OF HOUSTON, TEXAS; and HARRIS<br>COUNTY, TEXAS | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL VERIFIED PETITION FOR DECLARATORY JUDGMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF, RENEE JEFFERSON-SMITH, Individually and as a Candidate for District B, City of Houston, and as a registered voter in District B, City of Houston, who files this Original Verified Petition for Declaratory Judgment and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and in support thereof would respectfully show the Court as follows:

### PARTIES

1.      Plaintiff, RENEE JEFFERSON-SMITH (herein referred to as "Candidate Jefferson-Smith"), an Individual, a Candidate for District B, City of Houston, a registered voter in District B, City of Houston whose address is 9110 Lavender Street, Houston, Texas 77016, Houston, Harris County, Texas, files this Original Verified Petition for Declaratory Judgment and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction. The last three numbers of RENEE JEFFERSON-SMITH's driver's license number are 856.   The last three numbers of RENEE JEFFERSON-SMITH's social security number are 688.

2.      Defendant, CITY OF HOUSTON (the "City") is a governmental entity in the State of Texas and may be served with citation for process by serving the City of Houston Secretary, Anna Russell, City of Houston Annex, 900 Bagby Street, Room P 101, Houston, Texas 77002.

3.      Defendant, HARRIS COUNTY, TEXAS (the "County") is a governmental entity in the State of Texas and may be served with citation for service of process by serving Honorable Lina Hidalgo, Harris County, Texas, 1001 Preston Street, Suite 911, Houston, Texas 77002.

4.      Defendant, DIANE TRAUTMAN (the "Clerk") is an independently elected governmental official in the County of Harris, State of Texas and may be served with citation for service of process by serving Honorable Diane Trautman, Harris County, Texas, 201 Caroline, Third Floor, Houston, Texas 77002.

5.      Defendant, CYNTHIA KAY BAILEY (herein referred to as "Candidate Bailey"), is an individual and Candidate for District B, City of Houston, and may be served with citation for service of process by serving Cynthia Kay Bailey at 7830 Flintridge Drive, Houston, Texas 77028.

6.      This court has jurisdiction over all of the Defendants because Defendants are governmental entities of the State of Texas, elected officials of Harris County, or candidates for public office in governmental entities of the State of Texas. Further, venue is proper in Harris County, Texas pursuant to the provisions of Section 15.001, et eq. Texas Civil Practices and Remedies Code, as all of Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences that happened in Harris County, Texas.

## FACTS

7.      In this petition for declaratory judgment and application for temporary restraining order, temporary injunction, and permanent injunction now pending in this Court, Plaintiff is seeking to enjoin Candidate Bailey from appearing as a candidate on the City of Houston Runoff Ballot.

8.      On November 6, 2019, the voters in Houston City Council District B cast their votes for councilmember of District B, however, the election vote margin did not give any candidate the absolute majority needed to avoid an election runoff. Although the election results are not yet final and certified, Candidate Jefferson-Smith received 13.42% of the vote, making her the third top candidate in the District B Race which was 1% percentage less than that of the number two candidate who appears to be in the runoff at this time.

9.      Unfortunately, this candidate, is an ex-felon whose disabilities have not been restored or removed, which disqualifies her from holding public office. On June 1, 2007, Cynthia Kay Bailey was sentenced to ten (10) years in the Texas Department of Criminal Justice. She served 18 months of that sentence and was released on parole. (See Exhibit A as attached)

10.     As a convicted felon, Candidate Bailey is not legally entitled to be seated as the next Councilmember for District B. Furthermore, she may have perjured herself by falsely asserting on her affidavit for public office that she was not an ex-felon. (See Exhibit B, attached)

11.     In reviewing the history of similar matters in Texas, this candidate should not be in the runoff as this will guarantee a victory for the other runoff candidate and deny voters in District B a real choice, and the opportunity to choose between two eligible candidates for the position of Councilmember for District B, thus ensuring that District B voters are not disenfranchised.

## GROUNDS

12.     Plaintiff along with the voters and citizens of District B will suffer immediate and irreparable injury, loss, or damage if Defendant's conduct described above is not enjoined for these reasons: Candidate Bailey's disabilities that prevent her from holding an elected office have not been removed either by executive pardon, a judicial release of disabilities, or by operation of statute.

13.     "Conviction for a felony in Texas carries with it, besides a judicially determined punishment, a deprivation of certain rights of citizenship." Tex. Att'y Gen. Op. No. H-587 (1975). A felony conviction results in the loss of civil rights including "the right to vote, the right to seek and hold public office, and the right to sit on a jury." *United States v. Thomas*, 991 F.2d 206; 211, 214 (5th Cir.), cert denied, 510 U.S. 1014 (1993); *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir. 1990).

14.     These rights may be restored in several ways depending on the right, including an executive pardon, a judicial release of disabilities, or by operation of statute. *Easterwood v. State*, 31 S.W.294, 297 (Tex. Crim. App. 1895) (executive pardon); TEX. CODE CRIM. PROC. Art. 42A.701 (judicial release); TEX. ELEC. CODE § 11.002 (a)(4)(A)-(B) (restoration of voting rights) and TEX. CODE CRIM. PROC. Art. 48.05. The restoration of voting rights in the State of Texas was done statutorily in House Bill 1001, which became effective in law on September 1, 1997, however, that is not of issue in this case.

15.     In contrast, to procedures for a convicted felons to restore his or her ability to vote under Subsection 11.002(a)(4)(A)-(B); Subsection 141.001(a)(4) of the Texas Election Code, recognizes only two methods of a convicted felon to be eligible to hold public office: a pardon or being released from the disability to hold public office. Unlike Subsection 11.002(a)(4)(A)-(B), Subsection 141.001(a)(4) of the Texas Election Code does not automatically restore a convicted felon's eligibility to hold public office upon completion of the individual's sentence.

16.     However, Texas statutes provide several methods to obtain a release from disabilities resulting from conviction. Judicial clemency or judicial release of disabilities, as contained in the Code of Criminal Procedure, Art. 42A.701, authorizes a judge, in a case in which the defendant has been placed on community supervision, to set aside the verdict and dismiss the charging instrument or indictment against the defendant, under Art. 42A.701(f).

17.     Unlike the restoration of civil rights under Code of Criminal Procedure, Article 48.05, which is a form of pardon that restores all civil rights under the laws of this state that the individual forfeits as a result of the individual's conviction of an offense. Article 48.05 relates to consideration of a request for restoration of civil rights of certain individuals convicted of a federal or military offense, other than an offense involving violence or the threat of violence, drugs, or firearms.

18.     Further, the individual must have completed the sentence for the offense; the conviction occurred three or more years before the date of request and the individual has not been convicted at any other time of an offense under the laws of this state, another state, or the United States.

19.     Though Candidate Bailey completed her sentence for the above, mentioned offense in 2007, it is unclear whether or not Candidate Bailey attempted or was successful at any of the methods to obtain a release from her disabilities allowing her to seek and hold public office.

20.     Plaintiff does not have an adequate remedy at law because Although the law does address civil disabilities imposed on felons it does not specifically address the eligibility of a candidate to appear on the ballot as a candidate. Plaintiff has exercised due diligence in prosecuting this claim. The injury to Plaintiff and the citizens of District B if Defendant, Candidate Bailey, continues the conduct described above would outweigh any injury the restraining order and injunction might cause Defendants City of Houston and Harris County, and issuance of the restraining order and injunction would not disserve the public interest, in fact it would do the opposite in serving the public interest.

21.     Plaintiff has attached a Sworn Affidavit, (Exhibit C)

### SUIT FOR DECLARATORY RELIEF

22.     Plaintiff seeks declaratory relief as provided in Tex. Civ. Prac. Rem. Code section 37.004 (a), as the Plaintiff is a person who seeks to have the legal relations affected by a statute or municipal ordinance to be determined. Plaintiff seeks to have a judicial declaration as to whether a candidate that is

3

ineligible to be sworn in as an elected member of government may be placed on the ballot in a municipal election, and would that placement on the ballot deprive the voters of a municipal district of an actual choice in said election.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

23.     Plaintiff's application for a temporary restraining order is authorized by Tex. Civ. Prac. & Rem. Code §65.011(1). Plaintiff is entitled to the relief demanded because Plaintiff is a resident-voter of the district affected and is a candidate in the election affected by the presence on the ballot of Candidate Bailey. Plaintiff requires the restraint of the placement of Candidate Bailey on the ballot.

24.     Plaintiff asks the court to prevent the defendants from placing Candidate Bailey on the ballot and/or certifying the Candidate Bailey on the runoff election ballot, as the candidate is ineligible to hold office based on Texas election Code sec 140.001(a)(4).

25.     It is probable that plaintiff will recover from defendant after a trial on the merits because the Plaintiff has standing and would be harmed by Candidate Bailey. Candidate Bailey is a felon. Candidate Bailey's disabilities have not been removed.  Therefore, by statute, Candidate Bailey is not eligible to run for office.

26.     If plaintiff's application is not granted, harm is imminent because Candidate Bailey would be placed on the ballot causing a two-fold effect. First, Candidate Bailey's certification to the runoff ballot would wrongfully hinder the Plaintiff, an eligible candidate, from being certified to the ballot. Second, if Candidate Bailey is certified to the runoff ballot it effectively denies the voters of District B an electoral choice.

27.     The harm that will result if the temporary restraining order is not issued is irreparable because Candidate Bailey's certification to the runoff ballot would wrongfully hinder the Plaintiff, an eligible candidate, from being certified to the ballot. Additionally, if Candidate Bailey is certified to the runoff ballot it effectively denies the voters of District B an electoral choice.

28.     Plaintiff has no adequate remedy at law because damages are incalculable and the statutes do not provide a mechanism for handling a felon that has been certified for a runoff in violation of state law.

29.     Plaintiff is willing to post bond.

## REQUEST FOR TEMPORARY INJUNCTION

30.     Plaintiff asks the court to set her application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against the defendants.

31.     Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure 39. Plaintiff has joined the necessary governmental units, elected officials and Candidate Bailey.

4

## REQUEST FOR PERMANENT INJUNCTION

32.     Plaintiff asks the court to set her request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against defendant.

## CONDITIONS PRECEDENT

33.     All conditions precedent have been performed or have occurred.

## PRAYER

34.     Plaintiff prays that the Court issue a temporary restraining order restraining Defendants and its officers, agents, servants, and employees from directly or indirectly from listing Candidate Bailey as a runoff candidate in the upcoming City of Houston Runoff Elections; the Court set a date and time for a hearing on this application for a temporary injunction; all defendants be cited to appear and answer; after hearing, the Court issue a temporary injunction enjoining Defendants and its officers, agents, servants, and employees from directly or indirectly from listing Candidate Bailey as a runoff candidate in the upcoming City of Houston Runoff Elections; during the pendency of this action;

35.     Plaintiff be granted reasonable expenses and attorney fees incurred in obtaining the restraining order and injunction; and

36.     Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: _____
LAW OFFICE OF NICOLE R. BATES
Texas Bar No. 24045171
Email: famjuv07@yahoo.com
The Preserve at North Loop
2010 North Loop West, Suite 175
HOUSTON, TX 77018
Tel. (713) 225-1300
Fax. (713) 225-1301
Attorney for Plaintiff
RENEE JEFFERSON-SMITH

By: _____
DANVAL SCARBROUGH
State Bar No. 24073023
Dan.r.scarbrough@gmail.com
Attorney for RENEE JEFFERSON-SMITH

5



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>November 14, 2019</u>

Certified Document Number:         <u>87992838 Total Pages:  5</u>

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



NO. 0992069

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 178 JUDICIAL DISTRICT |
| | § | |
| CYNTHIA KAY BAILEY | § | HARRIS COUNTY, TEXAS |

## MOTION TO IMPOSE COMMUNITY SUPERVISION

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Cynthia Kay Bailey, Defendant in the above styled and numbered cause, and files this Motion for

Imposition of Community Supervision pursuant to Article 42.12 of the Texas Code of Criminal Procedure, and shows

the following:

 1.  Cynthia Kay Bailey was convicted of Theft over $200,000.00, a first degree felony and sentenced to

ten(10) years on June 1,2007.

 2.  It has been less than 180 days subsequent to the date execution of sentence actually began.

 3.  Cynthia Kay Bailey has never previously been incarcerated in the penitentiary serving a sentence for a

felony offense.  Cynthia Kay Bailey has not been sentenced to a term of confinement under Section 12.35 of the Penal

Code.

 4.  Cynthia Kay Bailey is otherwise eligible for community supervision under Article 42.12 of the Texas

Code of Criminal Procedure.

 5.  Cynthia Kay Bailey will not benefit from incarceration.

 6.  In light of the above, Cynthia Kay Bailey requests that this Court:

  A.  impose a period of community supervision which is commensurate with the requirements of
Article 42.12 of the Code of Criminal Procedure and which is commensurate with a time period which is the
same as the minimum term for which Cynthia Kay Bailey has been prosecuted;

  B.  hold a hearing on this motion and provide an opportunity for the state and Cynthia Kay
Bailey to present evidence; and

  C.  grant this motion, suspend further proceedings in this cause and place Cynthia Kay Bailey on
community supervision under the terms of Article 42.12 of the Texas Code of Criminal Procedure.

       Respectfully submitted,

       Bates & Coleman, P.C.
       1402 Alabama Street

Certified Document Number: 34098707 - Page 1 of 3



EXHIBIT

A-1

Houston, Texas 77004
Tel: (713) 759-1500
Fax: (713) 630-1055

By: _____
Willie High Coleman, Jr.
State Bar No. 04576200
Attorney for Cynthia Kay Bailey

## CERTIFICATE OF SERVICE

This is to certify that on August 27, 2007, a true and correct copy of the above and foregoing document was

served on the District Attorney's Office, Harris County, by hand delivery.

_____
Willie High Coleman, Jr.

## ORDER FOR A SETTING

On _____, 2007, the Defendant filed a Motion to Impose Community Supervision.

The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on

this motion is set for _____, at _____.

Signed on _____.

_____
JUDGE PRESIDING

NO. 0992069

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 178 JUDICIAL DISTRICT |
| | § | |
| CYNTHIA KAY BAILEY | § | HARRIS COUNTY, TEXAS |

## ORDER

On ___11-16-07___, 2007, came on to be considered Cynthia Kay Bailey's Motion to Impose

Community Supervision, and said motion is hereby

(Granted)   (Denied)

_____
JUDGE PRESIDING



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2019

Certified Document Number:        34098707 Total Pages: 3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 14, 2019

Certified Document Number:        87992840 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

APPLICATION FOR A PLACE ON THE BALLOT IN THE CITY OF HOUSTON NOVEMBER 5, 2019 GENERAL ELECTION BALLOT
*(SOLICITUD DE UN LUGAR EN LA BOLETA PARA LAS ELECCIONES GENERALES DE LA CIUDAD DE HOUSTON EL 5 DE NOVIEMBRE DE 2019)*

NUMBERED ITEMS DESIGNATED AS 'MANDATORY' (1, 2, 4, 7, 10, 11, and 12) MUST BE COMPLETED OR THE APPLICATION IS SUBJECT TO REJECTION *(DEBEN COMPLETARSE LOS ITEMS NUMERADOS QUE SE IDENTIFICAN COMO "OBLIGATORIOS" (1, 3, 4, 7, 10, 11, y 13) PUES DE LO CONTRARIO LA SOLICITUD PODRIA SER RECHAZADA)*

**TO: MAYOR:** (At Alcalde:)

I request that my name be placed on the above-named official ballot as a candidate for the office indicated below.
*(Solicito que se incluya mi nombre en la boleta mencionada, como candidato para el puesto oficial indicado abajo.)*

**1. OFFICE SOUGHT [MANDATORY]** *(PUESTO OFICIAL SOLICITADO (OBLIGATORIO))*
Indicate Mayor, City Controller, or City Council position, you must include At-Large and Position No. or Council District Letter designation.
*(Indique el cargo: Alcalde, Contralor o Consejal. En este último caso, debe incluir el cargo general y del cargo si lo hace que designa el Distrito del Consejo)*

City Council Member District B

**2. FULL NAME** (First, Middle or Initial, Last) **[MANDATORY]** *(NOMBRE COMPLETO) (Nombre de Pila, Segundo Nombre o Inicial, Apellido) (OBLIGATORIO)*

Cynthia Kay Bailey

**3. PRINT NAME AS YOU WANT IT TO APPEAR ON THE BALLOT [OPTIONAL]** (If not completed, name will appear as set out in Item 2 above.) *(ESCRIBA SU NOMBRE COMO DESEA QUE APAREZCA EN LA BOLETA) (OPCIONAL) (Si no completa este item, su nombre aparecerá como se indica en el punto 2, que antecede)*

Cynthia Bailey

**4. PERMANENT RESIDENCE ADDRESS** Street address and if applicable, apartment number. If no street name assigned to residence, describe physical location of residence (do not include P.O. Box or Rural Rt.) **[MANDATORY]** *(DIRECCIÓN DE RESIDENCIA PERMANENTE Calle y Número de Departamento. Si no calle no tiene nombre, describa los localización del número en calle de correo o nombre de ruta rural) (OBLIGATORIO)*

7830 Flintridge
**STREET ADDRESS** *(CALLE)*

Houston Texas  77028
**CITY, STATE** *(CIUDAD, ESTADO)*    **ZIP** *(CÓDIGO POSTAL)*

**5. PUBLIC MAILING ADDRESS [OPTIONAL]** (campaign mailing address, if available) *(DIRECCIÓN POSTAL PÚBLICA) (OPCIONAL) (Dirección de la cual recibiría correspondencia relacionada a su campaña, si es disponible.)*

7830 Flintridge
**STREET ADDRESS, P.O. BOX OR OTHER** *(CALLE - CASILLA DE CORREO U OTRO)*

Houston Texas  77028
**CITY, STATE** *(CIUDAD, ESTADO)*    **ZIP** *(CÓDIGO POSTAL)*

*[vertical stamp:]* MAYOR'S OFFICE  19 JUL 31 PH 2:40

**6. OCCUPATION [OPTIONAL]** *(EMPLEO) (OPCIONAL)*

Labor

**7. DATE OF BIRTH [MANDATORY]** *(FECHA DE NACIMIENTO) (OBLIGATORIO)*

3-26-63

**8. VOTER REGISTRATION CERTIFICATE NUMBER [OPTIONAL]** *(NÚMERO DE CERTIFICADO DE VOTANTE REGISTRADO) (OPCIONAL)*

**9. TELEPHONE NUMBER** (Include area code) **& PUBLIC EMAIL ADDRESS [OPTIONAL]** *(NÚMERO DE TELÉFONO, incluyendo el área y correo electrónico público) (OPCIONAL)*

**OFFICE:** *(OFICINA):*

**HOME:** *(DOMICILIO):* 281 755-0590

**PUBLIC EMAIL:** *(CORREO ELECTRÓNICO PÚBLICO):*

**10. LENGTH OF CONTINUOUS RESIDENCE AS OF DATE OF ELECTION** *(Tiempo continuo de residencia a la fecha de la elección)*

| | IN CITY *(EN LA CIUDAD)* [MANDATORY] *(OBLIGATORIO)* | IN DISTRICT *(EN EL DISTRITO)* | MANDATORY FOR COUNCIL DISTRICT CANDIDATE *(OBLIGATORIO PARA CANDIDATOS AL CONCEJO)* |
|---|---|---|---|
| | 56 yr(s). 0 mos. | 56 yr(s). | 0 mos. |

**11. SWORN AFFIDAVIT [MANDATORY - All spaces must be filled in]** *(DECLARACIÓN JURADA) (OBLIGATORIO - Deben completarse todos los espacios)*

Before me, the undersigned authority, on this day personally appeared the person named in Item 2 herein above, who being by me here and now duly sworn, upon oath says: "I, Cynthia Bailey , of Harris County, Texas, being a candidate for the office set out in Item 1 herein above, swear that I will support and defend the Constitution and laws of the United States and of the State of Texas. I am a citizen of the United States eligible to hold such office under the Constitution and laws of this state. I have not been declared mentally incapacitated or partially mentally incapacitated without the right to vote by a final judgment of a court exercising probate jurisdiction, nor have I been finally convicted of a felony for which I have not been pardoned or had my full rights of citizenship restored by other official action. I am aware of the nepotism law, Chapter 573, Government Code. If using a nickname as part of my name to appear on the ballot, I further swear that my nickname does not constitute a slogan nor does it indicate a political, economic, social, or religious view or affiliation. I have been commonly known by this nickname for at least three years prior to this election. I further swear that the foregoing statements included in my application are in all things true and correct."

*[Spanish text]*

x Cynthia Bailey
**SIGNATURE OF CANDIDATE** *(FIRMA DEL CANDIDATO)*

**12. ATTN: NOTARY - PLEASE FILL IN ALL BLANKS**
*NOTARIO: POR FAVOR, COMPLETE TODOS LOS ESPACIOS EN BLANCO*

Sworn to and subscribed before me at Harris Tx, this the 30th day of July , 20 19.
*(Jurado y suscrito ante mí en _____ este día _____ de _____, 20 _____)*

**(SEAL)** *(Sello)*

TROY D. LEMON
Notary Public State of Texas
Notary ID 1051691-6
My Commission Expires:
12-15-2020

*[signature]*
**Signature of Officer administering oath** *(Firma del funcionario que toma el juramento)*

Notary
**Title of Officer administering oath** *(Título del funcionario que toma el juramento)*

**TO BE COMPLETED BY MAYOR'S OFFICE:**
*(A COMPLETAR POR LA OFICINA DEL ALCALDE):*

CASN

7/31/19
**Date filed** *(Fecha de registro)*

*[signature]*
**Signature of Mayor or Mayor's Designee** *(Firma del Alcalde o del funcionario designado por él)*

EXHIBIT B

# ACKNOWLEDGMENT OF RECEIPT

## CITY OF HOUSTON
## GENERAL ELECTION TO BE HELD NOVEMBER 5, 2019

Immediately upon receipt of the election packet, please complete this form acknowledging that you have received the items listed below.  Please return this completed form to the Mayor's Office along with your application for a place on the ballot or your declaration of write-in candidacy.

NAME OF CANDIDATE    _Cynthia Bailey_
(Please Print)

OFFICE SOUGHT    _Council member District B_

I hereby acknowledge that I received the following documents:

1)    Copy of Personal Financial Statement **to be filed with the City Secretary** on or before September 9, 2019. Tex. Local Gov. Code §145.004(c); §18-21(c), City of Houston Code of Ordinances.

2)    Information concerning solicitation and acceptance of campaign contributions.

_Cynthia Bailey_
Printed Name of Individual
Receiving Documents

_Cynthia Bailey_
Signature of Individual Receiving
Documents

_7-31-19_
Date of Receipt

# CANDIDATE CONTACT INFORMATION
## (ALL INFORMATION IS VOLUNTARY)

### Please Print All Information Clearly and Return this form to the Mayor's Office

Please note: Current Officeholders/employees should not list their City mailing address, phone number, or email address.

| |
|---|
| NAME OF CANDIDATE |
| *Cynthia Bailey* |
| OFFICE SOUGHT |
| *Council member Distric B* |
| CANDIDATE'S MAILING ADDRESS |
| *7830 Flintridge*   *Houston Texas*   *77028* |
| Street Address   City, State   Zip Code |
| *281 755-0590* |
| CANDIDATE'S TELEPHONE NUMBER |
| *Info @ Bailey For B. Com* |
| CANDIDATE'S EMAIL ADDRESS |
| |
| OTHER CONTACT INFORMATION |
| |

I am voluntarily submitting the above contact information so that it may be posted to the City's website and provided to the public and the media.

*Cynthia Bailey*
Candidate's Signature

*7-31-19*
Date

ARE YOU A CURRENT OR FORMER CITY OF HOUSTON EMPLOYEE? _____ YES ✓ NO

ARE YOU A CURRENT PEACE OFFICER AS DEFINED BY ARTICLE 2.12 OF THE CODE OF CRIMINAL PROCEDURE OR ONE OF THE INDIVIDUALS LISTED IN TEX. GOV'T CODE § 552.1175(a) (full text on next page)? _____ YES ✓ NO

I, PAT J. DANIEL, Assistant City Secretary of the City of Houston, Texas, do hereby certify that the within and foregoing is a true and correct copy of the application for a place on the ballot received from Cynthia Kay Bailey, as the same appears in the records of my office.

WITNESS my hand and the Seal of said City this 7th day of November 2019.

Pat J. Daniel
Assistant City Secretary of the City of Houston



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019

Certified Document Number:        87992841 Total Pages:   4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

NO. _____

| | | |
|---|---|---|
| **RENEE JEFFERSON-SMITH** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | **_____TH JUDICIAL DISTRICT** |
| **CITY OF HOUSTON, TEXAS; and HARRIS** | § | |
| **COUNTY, TEXAS** | § | |
| | § | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

<u>**AFFIDAVIT**</u>

BEFORE ME, the undersigned authority, on this day personally appeared RENEE JEFFERSON-SMITH, who swore on oath that the following facts are true:

"I am the Plaintiff in this cause, as well as a Candidate for District B, City of Houston, a registered voter in District B, City of Houston and my address is 9110 Lavender Street, Houston, Texas 77016, Houston, Harris County, Texas. I have personal knowledge of the facts stated above, and they are true and correct."

_____
RENEE JEFFERSON-SMITH
Affiant

SIGNED under oath before me on ___11/7/2019___

_____
Notary Public, State of Texas

YELITZA CAROLINA LEAL
Notary Public, State of Texas
Comm. Expires 05-29-2022
Notary ID 129824846



EXHIBIT

C



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019

Certified Document Number:        87992842 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/11/2019 1:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38387024
By: Anna Evetts
Filed: 11/11/2019 1:49 PM

### No. 2019-81187

| | | |
|---|---|---|
| **RENEE JEFFERSON-SMITH** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **270TH JUDICIAL DISTRICT** |
| | § | |
| **CITY OF HOUSTON, TEXAS et.al.** | § | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

### ORIGINAL ANSWER AND PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE DEDRA DAVIS:

Cynthia K. Bailey, ("Bailey") files this Original Answer and Plea to the Jurisdiction and

shows in support the following:

### *BACKGROUND*

1.     Cynthia K. Bailey is a citizen of the United States of America, is of sound mind and

without mental disability, has been fully discharged from her felony sentence, is a resident

of Texas, is a registered voter, and is long term resident of District B located in Houston,

Texas. Bailey was resident of District B for at least 12 months immediately preceding election

day.

2.     Bailey's '*Application For A Place On The City of Houston November 5, 2019 General*

*Election Ballot*' was signed in front of a notary on July 30, 2019 and received by the Mayor's

Office on July 31, 2019 at 2:48 p.m.

3.     Bailey has openly campaigned that she served time in prison and that she is a

reformed member of our community.

4.     Circa August 29, 2019 local media outlets reported on her campaign and on the fact

that Bailey served time in the penitentiary for a prior felony conviction. Additionally, the

community has constructive notice of her past conviction based on public records obtainable via the Harris County District Clerk website.

5.      On November 5, 2019 the election was held and the voters cast their votes for the candidates of their choosing.

6.      On November 6, 2019, the 'Cumulative Report—Unofficial' indicated that Tarsha Jackson won 20.84% (3,309) of the vote; Cynthia Bailey won 14.47% (2, 298) of the vote; and Renee Jefferson-Smith received only 13.42% (2,130) of the vote. Pursuant to the City of Houston Charter Section 8 (a) "The successful candidate for any office must receive a majority of the votes cast in the election for [her] office and if no candidate for a particular office receives a majority, a run-off election must be held as provided by the Texas Election Code, Acts 1951, 52nd Legislature, page 1097, Chapter 492, Article 81."[1]

7.      The Texas Election Code states that "the candidates in a runoff election are the candidates who receive the highest and second highest number of votes in the main election or who tie for the highest number of votes." TEX. ELEC. CODE § 2.023 (a). Therefore, the runoff election pursuant to Texas law requires the ballot to consist of Tarsha Jackson and Cynthia Bailey—not Renee Jefferson-Smith who failed to garner enough votes to be placed on the run off ballot.

8.      Renee Jefferson-Smith has filed this action and this plea to the jurisdiction has followed.

9.      Bailey attaches the affidavit attesting to these facts as exhibit one and incorporates by reference as if it had been fully plead hereinafter.

---

[1] Run Off Elections are now codified under Chapter 2 of the Texas Election Code.

## *ARGUMENTS AND AUTHORITIES*

10.     Typically, a challenge to standing is raised in a plea to the jurisdiction. A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 787, 2012 Tex. App. LEXIS 6563, *1, 2012. Subject-matter jurisdiction cannot be waived or conferred by agreement. *Id*. Subject matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Devon Energy Prod. Co., L.P. v. KCS Res., LLC*, 450 S.W.3d 203, 206, (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Mootness is a component of subject matter jurisdiction. *Id*. The mootness doctrine prevents courts from rendering advisory opinions, which they have no jurisdiction to issue. A case becomes moot if there ceases to be a justiciable controversy between the parties, such as when the issues presented are no longer "live." *Id*. The present case is moot because 1) Texas law prevents Bailey from being removed from the ballot; and 2) Bailey is qualified to hold office.

### I.     *Texas law prevents an ineligible office holder from being removed from a runoff ballot.*

11.      Plaintiff Jefferson in her original pleading falsely claims that Bailey "is not legally entitled to be seated as the next Councilmember for District B." (Pl. Orig. Pet. Page 2 ¶ 10). Jefferson continues by inserting defamatory and false assertions that Bailey "may have perjured herself by falsely asserting on her affidavit for public office that she was not an ex-felon." Both of these statements are completely false and shows Jefferson's lack of understanding of election law.

12.     But for the sake of argument and mere entertainment of Jefferson's ridiculous and ignorant petition filed with this court, let's assume Bailey is completely ineligible to hold office. It is clear under Texas law, that "*if a candidate* in a runoff election dies or [is] *declared*

*Original Answer and Plea*
*Bailey, Cynthia*
*2019-81187*

*ineligible before runoff election day*, ***the candidate's name shall be placed on the runoff election ballot*.[2]"* TEX. ELEC. CODE 145.096 (b) (emphasis added). The legislature used plain English that made it abundantly clear that even in the event of death or ineligibility the candidate's name must be placed on the runoff ballot. Therefore, Jefferson's request to remove Bailey's name is improper and in contravention to the prevailing statutory law prescribed by the legislature. The law precludes the Court from granting the relief Jefferson has requested.

13.     The Texas Uniform Declaratory Judgments Act (UDJA) is a procedural device that does not establish jurisdiction. *Devon Energy Prod. Co., L.P. v. KCS Res., LLC*, 450 S.W.3d 203, 206, (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Additionally, The UDJA does not create or enlarge a trial court's subject matter jurisdiction; it is merely a procedural device for deciding cases already within a court's jurisdiction. *Id*. Thus, a declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the declaration will resolve the controversy. *Id*.

14.     TEX. CIV. PRAC. & REM. CODE ANN. § 37.008 provides that a court may refuse to render or enter a declaratory judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding. *Devon Energy Prod. Co., L.P. v. KCS Res., LLC*, 450 S.W.3d 203, 206, (Tex. App.—Houston [14th Dist.] 2014, pet. denied). It appears from Jefferson's pleading that she argues that if the Court does not grant her relief the voters will be harmed due to the allegation that Bailey is not qualified. However, the legislature has

---

[2] The revised law requires a candidate's name to be placed on the ballot if the candidate is declared ineligible after the second day before the beginning of absentee voting rather than on or after the 20th day before election day. The section standardizes the law by providing that the name of a candidate in a runoff election who dies or is declared ineligible before runoff election day is placed on the runoff election ballot. Tex. Elec. Code § 145.096(Revisor's Notes)

outlined in the Election Code that in the event a candidate is declared ineligible the candidate's name remains on the ballot.

15.     If Bailey was ineligible the uncertainty would still remain regardless of this Court ruling against Bailey. Jefferson presumes that then she would be the second place Candidate and therefore be entitled to the runoff. This is false. The Court in *Osborn* held that votes for an ineligible candidate must be counted when the name appears on the ballot regardless if it leads to a vacancy. *In re Osborn,* 2013 Tex. App. LEXIS 5916, *4, 2013 WL 2157712 (Tex. App. Austin May 15, 2013).

16.     For example, in *Osborn*, the Candidate sought a writ of mandamus compelling the city clerk to remove Candidate Green from the ballot due to failing to meet certain residency requirements (i.e. being ineligible). *In re Osborn,* 2013 Tex. App. LEXIS 5916, *4, 2013 WL 2157712 (Tex. App. Austin May 15, 2013). The Court refused and held that even if Candidate Green was ineligible his name must be placed on the ballot in accordance with section 145.096. *Id*

17.     Like *Osborn*, Jefferson asserts that Bailey is ineligible. Although Bailey is not ineligible, see *infra* 17-22, the relief sought by Jefferson is statutorily barred and thus the Court does not have a "live case-in-controversy" over the parties. Hence, the Court lacks subject matter jurisdiction. Therefore, this Court must deny all relief requested by Jefferson and grant attorney's fees for Bailey.

>    I.     **As a matter of law, Cynthia K. Bailey is qualified to hold the office as Council Member for District B thus the issue of being a qualified office holder is moot. Therefore, the Court lacks subject matter jurisdiction.**

18.     Cynthia Bailey has been a resident of District B of Houston, Texas for at least 12 months prior to the November 5, 2019 election and is a qualified voter. Therefore, she is qualified to be a Councilmember for District B. The City of Houston has a city Charter that outlines the qualifications to hold office as a councilmember. According to section four of the City of Houston Charter it states "to file for office as a District Council Member, *a person must be a qualified voter* of the City who has resided in the territory encompassed by the City Council District to be served for 12 months immediately preceding the election day." *See* City of Houston Charter § 4-Qualfications for Elected Officers (October 25, 2019) (emphasis added).

19.     It is undisputed that Bailey or Jefferson have resided in District B for the 12 months immediately preceding the election. Jefferson contends that Bailey "is an ex-felon whose disabilities have not been restored or removed, which disqualifies her from holding public office." (Pl. Orig. Pet. Page 2 ¶ 9). This statement by Jefferson once again shows her lack of understanding of the law and a blatant disregard for both statutory construction and prevailing case law.

20.     The Texas Election Code holds that a "qualified voter" means a person who (1) is 18 years of age or order; (2) is a United States citizen; (3) has not been determined by a final judgment of a cout exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (4) has not been finally convicted of a felony or, if so convicted, has: (A) fully discharged the person's sentence, including any term of incarceration, parole, or supervision, or completed a period of probation ordered by any court; or (B) been pardoned or otherwise released from the resulting disability to vote; (5) is a resident of this state; and (6) is a registered voter.

21.     As outlined in paragraph one Bailey meets all the requirements to be a qualified voter. Jefferson attempts to conflate the issue by using language from the code regarding "Eligibility Requirements for Public Office" which state that to be eligible to be a candidate for public office a person must "have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities." Tex. Elec. Code 141.001 (a)(4). However, Jefferson failed to acknowledge that the Home-Rule City Candidate provision governs ineligibility of candidates for city offices and that city charter supersedes the Texas Election Code to the extent of any conflict. Tex. Elec. Code 145.097. Here, section 141.001 holds that a candidate has to be released from the resulting disabilities. Yet, the City Charter only requires a candidate to be a "qualified voter" in order to become a Councilmember.

22.     Therefore, if the Court finds a conflict between the election code and the charter then the Court must follow the qualifications for eligibility (or ineligibility) that are outlined in the City Charter due to the Home-Rule outlined in section 145.097 of the Election Code.

23.     When the Court reads the city charter it is mandated to acknowledge that Bailey meets the minimum qualifications to hold elected office in Houston, Texas. Bailey is a qualified voter and has resided in District B for the prescribed period so she may hold city office. Therefore, the Court must deny all relief requested by Jefferson and award Bailey attorney's fees incurred from defending this frivolous claim.

## CONCLUSION

24.     In conclusion, this Court lacks subject matter jurisdiction because all relief requested by Plaintiff Jefferson is moot. As a matter of law, the Court cannot remove an

ineligible candidate from a runoff ballot. Also, the Home-Rule City Candidate provision states that a city's charter governs the ineligibility of candidates in a city election. Bailey meets the city's requirements to hold office. Therefore, there is not a live controversy the Court can decide which eliminates the Court's subject matter jurisdiction.

## GENERAL DENIAL

25.     Cynthia K. Bailey Files this General Denial and demands strict proof in accordance with the law.

## REQUEST FOR ATTORNEY FEES

26.      Pursuant to the Texas Uniform Declaratory Judgments Act, Cynthia K. Bailey request Renee Jefferson-Smith pay all reasonable and necessary attorney's fees incurred defending this suit.

## PRAYER

27.     Cynthia Bailey prays for general relief. Cynthia Bailey prays that all relief request by Renee Jefferson-Smith be denied and that judgment be granted against Renee Jefferson-Smith in the amount of all reasonable and necessary attorney's fees. Cynthia Bailey prays this Court grants her plea to jurisdiction and deny Renee Jefferson-Smith request to exclude Bailey from the runoff ballot.

Respectfully submitted,

THE OLIVER J. LAW FIRM, PLLC.
4141 Southwest Freeway, Suite 425
Houston, Texas 77027
O: (713) 851-1110
C: (281) 788-8074
F: (281) 596-6951
oliver@theoliverjlawfirm.com

By: /s/Oliver J. Brown
    Oliver J. Brown, Esq.
    State Bar No. 24087222
    SD TX Fed Id. 2276574
    Attorney for Cynthia K. Bailey

## Certificate of Service

I certify that a true copy of the '*Original Answer and Plea to the Jurisdiction*' was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on November 11, 2019.

Nicole Bates
Fax (713) 225-1301
Email: famjuv07@yahoo.com

Danval Scarbrough
Email: Dan.r.scarbrough@gmail.com

/s/Oliver J. Brown
Oliver J. Brown



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019


Certified Document Number:        88038767 Total Pages:  9


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT 1

No. **2019-81187**

| RENEE JEFFERSON-SMITH | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 270TH JUDICIAL DISTRICT |
| | § | |
| CITY OF HOUSTON, TEXAS et.al. | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF CYNTHIA K. BAILEY

BEFORE ME, the undersigned affiant, on this day personally appeared Cynthia K. Bailey, who swore under oath that the following facts are true:

"I am a defendant in the above cause and style and a Candidate in the runoff election to be a councilmember for District B of Houston, Texas.

"I have reviewed the background facts of my 'Original Answer and Plea to the Jurisdiction' and acknowledge that they are true and correct to the best of my knowledge.

"I have not committed perjury in filing my application to be a candidate. I am a U.S. Citizen of sound mind; I acknowledge that I was convicted of a felony but my disability has been removed based upon me completing my sentence and having my voting rights restored.

"I have never tried to mislead the voters of City of Houston or of the United States. It is my understanding based on upon the City of Houston charter that I am lawfully allowed to hold office as a councilmember for my district.

"I promise to uphold the Constitution, respect the laws of the State of Texas, and represent my district to the best of my abilities.

"On November 6, 2019 I was the second-place contender for the seat in district B. Renee Jefferson-Smith was the third-place contender.

x*Cynthia K Bailey*

CYNTHINA K. BAILEY

SIGNED under oath before me on _11- 11 - 2019_

*Michael Coy*

Notary Public

Certified Document Number: 88038768 - Page 1 of 1

EXHIBIT 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>November 14, 2019</u>

Certified Document Number:      <u>88038768 Total Pages:  1</u>

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/12/2019 5:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38438386
By: Quaninshi Porter
Filed: 11/12/2019 5:36 PM

CAUSE NO. 201981187

RECEIPT NO.        0.00
     **********
     TR # 73694539

| PLAINTIFF: JEFFERSON-SMITH, RENEE (INDIVIDUALLY AND AS A CANDIDATE FOR DISTRICT | In The 270th |
| --- | --- |
| vs. | Judicial District Court |
| DEFENDANT: CITY OF HOUSTON | of Harris County, Texas |
| | 270TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: CITY OF HOUSTON BY SERVING THE CITY OF HOUSTON SECRETARY
    ANNA RUSSELL
    CITY OF HOUSTON ANNEX
    900 BAGBY STREET ROOM P 101    HOUSTON TX 77002

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL VERIFIED PETITION FOR DECLARATORY JUDGMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER TEMPORARY INJUNCTION AND PERMANENT INJUNCTION</u>

This instrument was filed on the <u>7th day of November, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 11th day of November, 2019, under my hand and seal of said Court.

<u>Issued at request of</u>:
BATES, NICOLE RISHAUN
2010 NORTH LOOP WEST SUITE 175

HOUSTON, TX 77018
Tel: (713) 225-1300
<u>Bar No.</u>: 24045171

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: PEREZ, ANITA    IOJ//11376410

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 3:40 o'clock P.M., on the 11 day of November, 2019.

Executed at (address) 900 Bagby Street Rm P/01 Houston, TX 77002 in

Harris County at 820 o'clock A.M., on the 12 day of November,

2019, by delivering to City of Houston Secretary Administrative Associate defendant, in person, a

                                          Carrie Roberts

true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 12 day of November, 2019.

FEE: $_____

                Shawn Morgan

         of Ft. Bend County, Texas

PSC#3979 Exp 5-31-20
<u>Affiant</u>

By _____
                Deputy

On this day, Shawn Morgan , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 12 day of November, 2019.

                             Yelitza C. Leal
                             Notary Public

YELITZA CAROLINA LEAL
Notary Public, State of Texas
Comm. Expires 06-20-2022
Notary ID 129824840

N.INT.CITR.P

**73694539**

Certified Document Number: 88071924 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019


Certified Document Number:        88071924 Total Pages:  1


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/12/2019 5:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38438386
By: Quaninshi Porter
Filed: 11/12/2019 5:36 PM

CAUSE NO.    201981187

RECEIPT NO.                    0.00
            **********        CIV
                            TR # 73694551

PLAINTIFF: JEFFERSON-SMITH, RENEE (INDIVIDUALLY AND AS A          In The 270th
CANDIDATE FOR DISTRICT                                            Judicial District Court
                    vs.                                           of Harris County, Texas
DEFENDANT: CITY OF HOUSTON                                        270TH DISTRICT COURT
                                                                  Houston, TX

                              CITATION

THE STATE OF TEXAS
County of Harris

    TO: BAILEY, CYNTHIA KAY

        7830 FLINTRIDGE DRIVE   HOUSTON   TX 77028

        Attached is a copy of PLAINTIFF'S ORIGINAL VERIFIED PETITION FOR DECLARATORY JUDGMENT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER TEMPORARY INJUNCTION AND
PERMANENT INJUNCTION
This instrument was filed on the 7th day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

        This citation was issued on 11th day of November, 2019, under my hand and
seal of said Court.

Issued at request of:                                   MARILYN BURGESS, District Clerk
BATES, NICOLE RISHAUN                                   Harris County, Texas
2010  NORTH LOOP WEST SUITE 175                         201 Caroline, Houston, Texas 77002
HOUSTON, TX  77018                                      (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 225-1300
Bar No.: 24045171                                       Generated By: PEREZ, ANITA  IOJ//11376410

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 3:40 o'clock P.M., on the 11 day of November, 2019.
Executed at (address) 7830 Flintridge Drive, Houston, TX 77028 in
Harris County at 8:03 o'clock P.M. on the 11 day of November,
2019, by delivering to Cynthia Kay Bailey defendant, in person, a
true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 11 day of November, 2019.

FEE: $_____

                                    Shawn Morgan
                            of  Ft. Bend  County, Texas

PC# 4679 Exp 5-31-20
Affiant                             By _____
                                            Deputy

On this day, Shawn Morgan , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 12 day of November, 2019.

                                    YELITZA CAROLINA LEAL
                                    Notary Public, State of Texas
                                    Comm. Expires 05-20-2012
                                    Notary ID 129824840          Notary Public

N.INT.CITR.P                    *73694551*

Certified Document Number: 88071919 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019


Certified Document Number:        88071919 Total Pages: 1


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/12/2019 5:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38438386
By: Quaninshi Porter
Filed: 11/12/2019 5:36 PM

CAUSE NO.   201981187

RECEIPT NO.                           0.00
                    **********        CIV
                                      TR # 73694549

| PLAINTIFF: JEFFERSON-SMITH, RENEE (INDIVIDUALLY AND AS A CANDIDATE FOR DISTRICT<br>vs.<br>DEFENDANT: CITY OF HOUSTON | In The   270th<br>Judicial District Court<br>of Harris County, Texas<br>270TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TRAUTMAN, DIANE
    201  CAROLINE THIRD FLOOR  HOUSTON  TX  77002

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL VERIFIED PETITION FOR DECLARATORY JUDGMENT</u>
<u>AND APPLICATION FOR TEMPORARY RESTRAINING ORDER TEMPORARY INJUNCTION AND</u>
<u>PERMANENT INJUNCTION</u>
This instrument was filed on the <u>7th day of November, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 11th day of November, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>
BATES, NICOLE RISHAUN
2010  NORTH LOOP WEST SUITE 175

HOUSTON, TX 77018
Tel: (713) 225-1300
<u>Bar No.:</u>  24045171

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: PEREZ, ANITA   IOJ//11376410

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 3:40 o'clock P .M., on the 11 day of November, 2019.

Executed at (address) 201 Caroline 3rd Houston, TX 77002 in

Harris County at 3:50 o'clock P .M., on the 11 day of November,

2019, by delivering to Kevin Mauzy "chief-Deputy" Authorized to Accept Service defendant, in person, a

true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this 11 day of November, 2019.

FEE: $ _____

                                   Shawn Morgan
                                   of Ft. Bend County, Texas

Psc# 5979 Exp 5-31-20
_____                    By _____
Affiant                                           Deputy

On this day, _____ Shawn Morgan _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 12 day of November, 2019.

                                   Yelitza C. Leal
                                   Notary Public

YELITZA CAROLINA LEAL
Notary Public, State of Texas
Comm. Expires 05-20-2022
Notary ID 129824640

N.INT.CITR.                    *73694549*

Certified Document Number: 88071920 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 14, 2019

Certified Document Number:        88071920 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/12/2019 5:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38438386
By: Quaninshi Porter
Filed: 11/12/2019 5:36 PM

CAUSE NO.   201981187

RECEIPT NO.                                    0.00
                        **********                              CIV

                                                        TR # 73694540

PLAINTIFF: JEFFERSON-SMITH, RENEE (INDIVIDUALLY AND AS A        In The  270th
CANDIDATE FOR DISTRICT                                         Judicial District Court
                  vs.                                          of Harris County, Texas
DEFENDANT: CITY OF HOUSTON                                     270TH DISTRICT COURT
                                                              Houston, TX

                              CITATION

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY TEXAS BY SERVING HONORABLE LINA HIDALGO

    1001  PRESTON STREET SUITE 911   HOUSTON  TX  77002

    Attached is a copy of PLAINTIFF'S ORIGINAL VERIFIED PETITION FOR DECLARATORY JUDGMENT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER TEMPORARY INJUNCTION AND
PERMANENT INJUNCTION

This instrument was filed on the 7th day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 11th day of November, 2019, under my hand and
seal of said Court.

Issued at request of:                          MARILYN BURGESS, District Clerk
BATES, NICOLE RISHAUN                          Harris County, Texas
2010  NORTH LOOP WEST SUITE 175                201 Caroline, Houston, Texas 77002
                                               (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX  77018
Tel: (713) 225-1300
Bar No.:  24045171                             Generated By: PEREZ, ANITA  IOJ//11376410

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 3:40 o'clock P.M., on the 11 day of November, 2019.

Executed at (address) 1001 Preston St Ste 911    Houston, TX 77002    in

_____ Harris _____ County at 4:05 o'clock P.M., on the 11 day of November,

2019, by delivering to "Kathryn M. Kase, Legal Counsel" Authorized defendant, in person, a
                                                      to accept service.
true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 11 day of November, 2019.

FEE: $_____

                                               Shawn Morgan
                                        of Ft. Bend County, Texas

#85979 Exp5-31-20
_____                         By _____
Affiant                                              Deputy

On this day, _____ Shawn Morgan _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 12 day of November, 2019.

                                               Yelitza C. Leal
                                               Notary Public

YELITZA CAROLINA LEAL
Notary Public, State of Texas
Comm. Expires 05-20-2022
Notary ID 129824840

N.INT.CITR.P                    *73694540*

Certified Document Number: 88071922 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019

Certified Document Number:        88071922 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/12/2019 9:04:47 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38403277
By: System user, TexFile
Filed: 11/12/2019 9:04:47 AM

## VERIFICATION

HARRIS COUNTY    §
                 §
STATE OF TEXAS   §

On this day, Michael Winn, the Administrator of Elections for the Harris County Clerk, personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that the statements contained in Section III of the County Defendants Answer are within his personal knowledge and true and correct.

Affiant – Michael Winn
Administrator of Elections
Office of Diane Trautman
Harris County Clerk

Subscribed and sworn to before me on _November 12th_____, 2019.

MAUREEN J. FISBECK
Notary Public, State of Texas
Comm. Expires 03-10-2021
Notary ID 126832613

Notary Public in and for the State of Texas

My commission expires: 3/10/21

Exhibit A



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019


Certified Document Number:        88052166 Total Pages:  1


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/12/2019 9:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38403277
By: Quaninshi Porter
Filed: 11/12/2019 9:04 AM

**CAUSE NO. 2019-81187**

| | | |
|---|---|---|
| **RENEE JEFFERSON-SMITH** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **CITY OF HOUSTON, TEXAS; and** | § | |
| **HARRIS COUNTY, TEXAS** | § | **270TH JUDICIAL DISTRICT** |

**ANSWER**
**HARRIS COUNTY, TEXAS AND DIANE TRAUTMAN, COUNTY CLERK**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendants Harris County, Texas (the "County") and Diane Trautman in her official capacity as the Harris County Clerk (the "Clerk"). Together the County and Clerk are referred to as the County Defendants (the "County Defendants") and file this ANSWER and would show unto the court the following:

**I.      General Denial**

1. Subject to such stipulations and admissions as may be hereinafter made, Defendants assert a general denial as authorized by TEX. R. CIV. P. 92, and respectfully request that the Plaintiff be required to prove the charges and allegations against the Defendants as required by the Constitution and Laws of the State of Texas.

**II.  Nominal Defendants**

2. The County Defendants allege they are nominal defendants herein as they have no interest in the substance of the outcome of the matter other than to comply with any legal and valid final decision impacting the election ballot.[1]

**III. Ballot Lockdown Date**

3. In order to timely manage the December 14, 2019 joint runoff election the ballot lockdown date is November 15, 2019 requiring a final decision affecting change to the ballot, if any, on or before November 14, 2019.[2]

**IV. Relief**

WHEREFORE, PREMISES CONSIDERED, the Harris County Defendants pray a final decision affecting change to the ballot, if any, be rendered on or before November 14, 2019.

---

[1] Tex. Election Code § 145.003-145.004.
[2] See Exhibit A, the attached Affidavit of Michael Winn, Administrator of Elections for the Harris County Clerk.

Certified Document Number: 88052165 - Page 1 of 3

Respectfully submitted,

VINCE RYAN
Harris County Attorney

*/s/ Randall Smidt*
Assistant County Attorney
SBN 00798509
1019 Congress, 15th Floor
Houston, Texas  77002
(713) 274-5167
(713) 755-8924 Fax
Randall.Smidt@cao.hctx.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served on all parties of record pursuant to Tex. R. Civ. P. 21 & 21a.

Oliver J. Brown
SBN 24087222
The Oliver J. Law Firm, PLLC
4141 Southwest Freeway, Suite 425
Houston, Texas 77027
713-851-1110
281-788-8074 Cell
281-596-6951 Fax
ATTORNEY FOR DEFENDANT
CYNTHIA KAY BAILEY

Nicole R. Bates
SBN 24045171
Efile Email: haven0305@yahooo.com
Email: famjuv07@yahoo.com
Danval Scarbrough
SBN 24073023
Efile Email: dan.r.scarbrough.esq@gmail.com
Email: dan.r.scarbrough@gmail.com
Law Offices of Nicole R. Bates
2010 North Loop West, Suite 175
Houston, Texas 77018
713-225-1300
713-225-1301 Fax
ATTORNEYS FOR PLAINTIFF
RENEE JEFFERSON-SMITH

Certified Document Number: 88052165 - Page 2 of 3

Judith L. Ramsey
Chief, General Litigation Section
SBN 16519550
Judith.ramsey@houstontx.gov
Charles Hamilton Houston III
Assistant City Attorney
SBN 24004708
900 Bagby Street, 4th Floor
Houston, Texas 77002
832-393-6468
832-393-6259 Fax
ATTORNEYS FOR DEFENDANT,
CITY OF HOUSTON


November 12, 2019

                                        _/s/ Randall Smidt_____
                                        Randall Smidt

Certified Document Number: 88052165 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019

Certified Document Number:        88052165 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



**CASE NO. 992069**

INCIDENT NO./TRN: 903505038X-A002

| THE STATE OF TEXAS | § | IN THE 178TH DISTRICT |
| | § | |
| v. | § | COURT |
| | § | |
| CYNTHIA KAY BAILEY | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX03295635 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. **JON N. HUGHES** | Date Judgment Entered: | **6/1/2007** |
|---|---|---|---|
| Attorney for State: | **D. GOOD** | Attorney for Defendant: | **W. COLEMAN** |

Offense for which Defendant Convicted:
**THEFT >= $200,000**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **N/A** |

Date of Offense:
**6/12/2003 THRU 02/04/04**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **1ST DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**WITHOUT AGREED RECOMMENDATION**

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Date Sentence Imposed: | **6/1/2007** | Date Sentence to Commence: | **6/1/2007** |
|---|---|---|---|

| Punishment and Place of Confinement: | **10 YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** YEARS.

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ **N/A** | $ **226.00** | $ **N/A** | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | | |
|---|---|---|---|---|
| Time Credited: | From **6/23/2004** to **7/9/2004** | From to | From to | |
| | From to | From to | From to | |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | | | |
| | **N/A DAYS**   NOTES: N/A | | | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Harris County, Texas**. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

BAILEY 992069.doc

Certified Document Number: 88083886 - Page 1 of 3
Certified Document Number: 29130136 - Page 1 of 2

**EXHIBIT A**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



CAUSE #: 992069   DEF:BAILEY

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options  (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the **Sheriff of Harris County, Texas** on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the **Office of the Harris County District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence  (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision.  The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**<u>Furthermore, the following special findings or orders apply:</u>**

---

**Signed and entered on June 1, 2007**

X  *Jon N. Hughes*

**JON N. HUGHES**
JUDGE PRESIDING

Ntc Appeal Filed:_____  Mandate Rec'd:_____

Mandate Received:  _____

After Mandate Received, Sentence to Begin Date is:_____

Received on _____ at _____ AM / PM

By:_____, Deputy Sheriff of Harris County

Clerk: N. MILLS



Right Thumbprint

ENTERED:_____
VERIFIED:_____
LCBT:_____
LCBU:_____

Certified Document Number: 88083886 - Page 2 of 3
Certified Document Number: 29130136 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 7, 2019

Certified Document Number:        29130136 Total Pages:  2



Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Certified Document Number: 88083886 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019

Certified Document Number:        88083886 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**APPLICATION FOR A PLACE ON THE CITY OF HOUSTON NOVEMBER 5, 2019 GENERAL ELECTION BALLOT**
*(SOLICITUD DE UN LUGAR EN LA BOLETA PARA LAS ELECCIONES GENERALES DE LA CIUDAD DE HOUSTON EL 5 DE NOVIEMBRE DE 2019)*

NUMBERED ITEMS DESIGNATED AS 'MANDATORY' (1, 2, 4, 7, 10, 11, and 12) MUST BE COMPLETED OR THE APPLICATION IS SUBJECT TO REJECTION *(DEBEN COMPLETARSE LOS ITEMS NUMERADOS QUE SE IDENTIFICAN COMO "OBLIGATORIOS" (1, 2, 4, 7, 10, 11, y 12) PUES DE LO CONTRARIO LA SOLICITUD PODRIA SER RECHAZADA)*

**TO: MAYOR:** *(Al: Alcalde)*

I request that my name be placed on the above-named official ballot as a candidate for the office indicated below.
*(Solicito que se incluya mi nombre en la boleta mencionada, como candidato para el puesto oficial indicado abajo.)*

**1. OFFICE SOUGHT [MANDATORY]** *(PUESTO OFICIAL SOLICITADO (OBLIGATORIO))*
Indicate Mayor, City Controller, or City Council Member. For a City Council position, you must include At-Large and Position No. or Council District Letter designation. *(Indique si es para: Alcalde, Contralor o Concejal. En este último caso, debe incluir el número general y del cargo o la letra que designa el Distrito del Concejo)*

City Council Member District B

**2. FULL NAME (First, Middle or Initial, Last) [MANDATORY]** *(NOMBRE COMPLETO) (Nombre de Pila, Segundo Nombre o Inicial, Apellido) [OBLIGATORIO]*

Cynthia Kay Bailey

**3. PRINT NAME AS YOU WANT IT TO APPEAR ON THE BALLOT [OPTIONAL]** (If not completed, name will appear as set out in Item 2 above.) *(ESCRIBA SU NOMBRE COMO DESEA QUE APAREZCA EN LA BOLETA) [OPCIONAL] (Si no completa esta parte, su nombre aparecerá como se indica en el punto 2, que antecede)*

Cynthia Bailey

**4. PERMANENT RESIDENCE** Street address and if applicable, apartment number. If no street name assigned to residence, describe physical location of residence (do not include P.O. Box or Rural Rt.) **[MANDATORY]** *(DIRECCIÓN DE RESIDENCIA PERMANENTE: Calle y Número de Departamento. Si su calle no tiene nombre, describa las inmediaciones. No incluya su casilla de correo o nombre de camino rural.) [OBLIGATORIO]*

STREET ADDRESS/*(CALLE)*  7830 Flintridge

CITY, STATE *(CIUDAD), (ESTADO)*  Houston, Texas   ZIP *(CÓDIGO POSTAL)* 77028

**5. PUBLIC MAILING ADDRESS [OPTIONAL]** (campaign mailing address, if available) *(DIRECCIÓN POSTAL PÚBLICA) [OPCIONAL] (Dirección en la que recibirá correspondencia relacionada a su campaña, si es disponible.)*

STREET ADDRESS, P.O. BOX OR OTHER *(CALLE - CASILLA DE CORREO U OTRO)*  7830 Flintridge

CITY, STATE *(CIUDAD), (ESTADO)*  Houston Texas   ZIP *(CÓDIGO POSTAL)* 77028

MAYOR'S OFFICE   '19 JUL 31 PM 2:08

**6. OCCUPATION [OPTIONAL]** *(EMPLEO)*  Labor

**7. DATE OF BIRTH [MANDATORY]** *(FECHA DE NACIMIENTO) [OBLIGATORIO]*  3-26-63

**8. VOTER REGISTRATION CERTIFICATE NUMBER [OPTIONAL]** *(NÚMERO DE CERTIFICADO DE VOTANTE REGISTRADO) [OPCIONAL]*

**9. TELEPHONE NUMBER (Include area code) & PUBLIC EMAIL ADDRESS [OPTIONAL]** *(NÚMERO DE TELÉFONO, Incluya el código de área y correo electrónico público) (OPCIONAL)*

OFFICE: *(OFICINA)*

HOME: *(DOMICILIO)*  281 755-0590

PUBLIC EMAIL: *(CORREO ELECTRÓNICO PÚBLICO)*

**10.** LENGTH OF CONTINUOUS RESIDENCE AS OF DATE OF ELECTION *(Tiempo continuo de residencia en el mismo lugar a la fecha de la elección)*

IN CITY **[MANDATORY]** *(EN LA CIUDAD) [OBLIGATORIO]*  56 yr(s). *(año/s)*  0 mos. *(mes/es)*

IN DISTRICT **[MANDATORY FOR COUNCIL DISTRICT CANDIDATE]** *(EN EL DISTRITO) [OBLIGATORIO PARA CANDIDATOS AL CONCEJO]*  56 yr(s). *(año/s)*  0 mos. *(mes/es)*

**11.** SWORN AFFIDAVIT **[MANDATORY - All spaces must be filled in]** *[DECLARACIÓN JURADA] [OBLIGATORIO - Deben completarse todos los espacios]*

Before me, the undersigned authority, on this day personally appeared the person named in Item 2 herein above, who being by me here and now duly sworn, upon oath says: "I, Cynthia Bailey, of Harris County, Texas, being a candidate for the office set out in Item 1 herein above, swear that I will support and defend the Constitution and laws of the United States and of the State of Texas. I am a citizen of the United States eligible to hold such office under the Constitution and laws of this state. I have not been declared totally mentally incapacitated or partially mentally incapacitated without the right to vote by a final judgment of a court exercising probate jurisdiction, nor have I been finally convicted of a felony for which I have not been pardoned or had my full rights of citizenship restored by other official action. I am aware of the nepotism law, Chapter 573, Government Code. If using a nickname as part of my name to appear on the ballot, I further swear that my nickname does not constitute a slogan nor does it indicate a political, economic, social, or religious view or affiliation. I have been commonly known by this nickname for at least three years prior to this election. I further swear that the foregoing statements included in my application are in all things true and correct."

*"Yo, _____ del condado de _____ , Texas, siendo candidato para el puesto oficial de _____ juro solemnemente que apoyaré y defenderé la Constitución y las leyes de los Estados Unidos y del Estado de Texas. Soy ciudadano de Estados Unidos y cumplo con los requisitos necesarios para ocupar tal puesto oficial de acuerdo con la Constitución y las leyes de este Estado. No he sido declarado total ni parcialmente incapaz por problemas mentales para sufragar por decisión final de un tribunal, ni he sido declarado culpable de un delito grave por el cual no haya recibido indulto o haya recuperado completamente mis derechos de ciudadanía por medio de otra acción oficial. Tengo conocimiento de la ley sobre el nepotismo según el capítulo 573 conocido habitualmente por este apodo por al menos los últimos tres años anteriores a esta elección. Además juro que los precedentes declaraciones que incluyo en mi solicitud son verdaderas y correctas")*

x _Cynthia Bailey_
SIGNATURE OF CANDIDATE *(FIRMA DEL CANDIDATO)*

**12.** ATTN: NOTARY- PLEASE FILL IN ALL BLANKS
*NOTARIO: POR FAVOR, COMPLETE TODOS LOS ESPACIOS EN BLANCO*

Sworn to and subscribed before me at Houston, Tx, this the 30th day of July, 20 19
*(Jurado y suscrito ante mí en _____, este día _____ de _____ , 20__)*

(SEAL) *(Sello)*

TROY D. LEMON
Notary Public State of Texas
Notary ID 1051691-6
My Commission Expires:
12-15-2020

_____
Signature of Officer administering oath
*(Firma del funcionario que toma el juramento)*

Notary
Title of Officer administering oath
*(Título del funcionario que toma el juramento)*

**TO BE COMPLETED BY MAYOR'S OFFICE:**
*(A COMPLETAR POR LA OFICINA DEL ALCALDE)*

CMSM

7/31/19
Date filed *(Fecha de Registro)*

_____
Signature of Mayor or Mayor's Designee
*(Firma del Alcalde o el funcionario designado por él)*

EXHIBIT
B

# ACKNOWLEDGMENT OF RECEIPT

## CITY OF HOUSTON
## GENERAL ELECTION TO BE HELD NOVEMBER 5, 2019

Immediately upon receipt of the election packet, please complete this form acknowledging that you have received the items listed below. Please return this completed form to the Mayor's Office along with your application for a place on the ballot or your declaration of write-in candidacy.

NAME OF CANDIDATE   _Cynthia Bailey_
(Please Print)

OFFICE SOUGHT   _Council Member District B_

I hereby acknowledge that I received the following documents:

1) Copy of Personal Financial Statement **to be filed with the City Secretary** on or before September 9, 2019. Tex. Local Gov. Code §145.004(c); §18-21(c), City of Houston Code of Ordinances.

2) Information concerning solicitation and acceptance of campaign contributions.

_Cynthia Bailey_
Printed Name of Individual
Receiving Documents

_Cynthia Bailey_
Signature of Individual Receiving
Documents

_7-31-19_
Date of Receipt

Z:\GENERAL\ELECTIONS\2019\Nov.5.2019\CandPkt\(13)AcknowledgmentOfReceipt.docx

## CANDIDATE CONTACT INFORMATION
### (ALL INFORMATION IS VOLUNTARY)

### Please Print All Information Clearly and Return this form to the Mayor's Office

Please note: Current Officeholders/employees should not list their City mailing address, phone number, or email address.

**NAME OF CANDIDATE**

Cynthia Bailey

**OFFICE SOUGHT**

Council Member District B

**CANDIDATE'S MAILING ADDRESS**

7830 Flintridge        Houston Texas      77028
Street Address            City, State           Zip Code
281 755-0590

**CANDIDATE'S TELEPHONE NUMBER**

INFO @ Bailey FoR B.COM

**CANDIDATE'S EMAIL ADDRESS**

**OTHER CONTACT INFORMATION**

I am voluntarily submitting the above contact information so that it may be posted to the City's website and provided to the public and the media.

Cynthia Bailey
Candidate's Signature

7 - 31 - 19
Date

ARE YOU A CURRENT OR FORMER CITY OF HOUSTON EMPLOYEE?  ____YES  ✓ NO

ARE YOU A CURRENT PEACE OFFICER AS DEFINED BY ARTICLE 2.12 OF THE CODE OF CRIMINAL PROCEDURE OR ONE OF THE INDIVIDUALS LISTED IN TEX. GOV'T CODE § 552.1175(a) (full text on next page)?  ____YES  ✓ NO

Certified Document Number: 88083887 - Page 3 of 4

I, PAT J. DANIEL, Assistant City Secretary of the City of Houston, Texas, do hereby certify that the within and foregoing is a true and correct copy of the application for a place on the ballot received from Cynthia Kay Bailey, as the same appears in the records of my office.

WITNESS my hand and the Seal of said City this 7th day of November 2019.

Pat J. Daniel
Assistant City Secretary of the City of Houston

Certified Document Number: 88083887 - Page 4 of 4



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>November 14, 2019</u>


Certified Document Number:        <u>88083887 Total Pages:  4</u>


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

NO. _____

| | | |
|---|---|---|
| **RENEE JEFFERSON-SMITH** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **_____TH JUDICIAL DISTRICT** |
| **CITY OF HOUSTON, TEXAS; and HARRIS** | § | |
| **COUNTY, TEXAS** | § | |
| | § | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

<u>**AFFIDAVIT**</u>

BEFORE ME, the undersigned authority, on this day personally appeared RENEE JEFFERSON-SMITH, who swore on oath that the following facts are true:

"I am the Plaintiff in this cause, as well as a Candidate for District B, City of Houston, a registered voter in District B, City of Houston and my address is 9110 Lavender Street, Houston, Texas 77016, Houston, Harris County, Texas. I have personal knowledge of the facts stated above, and they are true and correct."

_____
RENEE JEFFERSON-SMITH
Affiant

SIGNED under oath before me on ___11/7/2019___.



_____
Notary Public, State of Texas

YELITZA CAROLINA LEAL
Notary Public, State of Texas
Comm. Expires 05-20-2022
Notary ID 129824840

Certified Document Number: 88083888 - Page 1 of 1



**EXHIBIT**

C



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019


Certified Document Number:        88083888 Total Pages:  1


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



CASE No. 992069
INCIDENT No./TRN: 903505038X-A002

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 178TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| CYNTHIA KAY BAILEY | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX03295635 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. JON N. HUGHES | Date Judgment Entered: | 6/1/2007 |
| Attorney for State: | D. GOOD | Attorney for Defendant: | W. COLEMAN |

| Offense for which Defendant Convicted: |
|---|
| THEFT >= $200,000 |

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | N/A |

| Date of Offense: |
|---|
| 6/12/2003 THRU 02/04/04 |

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| 1ST DEGREE FELONY | GUILTY | N/A |

| Terms of Plea Bargain: |
|---|
| WITHOUT AGREED RECOMMENDATION |

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 6/1/2007 | Date Sentence to Commence: | 6/1/2007 |
|---|---|---|---|

| Punishment and Place of Confinement: | 10 YEARS INSTITUTIONAL DIVISION, TDCJ |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** YEARS.

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ 226.00 | $ N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | | | | |
|---|---|---|---|---|---|---|
| Time Credited: | From 6/23/2004 to 7/9/2004 | From | to | From | to | |
| | From | to | From | to | From | to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | | | | | |
| | N/A DAYS   NOTES: N/A | | | | | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**EXHIBIT**

A

tabbies

BAILEY 992069.doc                                              Page 1 of 2

Certified Document Number: 88088340 - Page 1 of 2
Certified Document Number: 29130136 - Page 1 of 2



CAUSE #: 992069   DEF:BAILEY

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the **Sheriff of Harris County, Texas** on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the **Office of the Harris County District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

Signed and entered on June 1, 2007

X _Jon a Hughes_
**JON N. HUGHES**
JUDGE PRESIDING

Ntc Appeal Filed:_____ Mandate Rec'd:_____

Mandate Received: _____

After Mandate Received, Sentence to Begin Date is:_____

Received on _____ at _____ AM / PM

By:_____, Deputy Sheriff of Harris County

Clerk: N. MILLS

Right Thumbprint

ENTERED: _____
VERIFIED: _____
LCBT: _____
LCBU: _____

Certified Document Number: 88088340 - Page 2 of 2
Certified Document Number: 29130136 Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019


Certified Document Number:        88088340 Total Pages:  2


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

APPLICATION FOR A PLACE ON THE CITY OF HOUSTON NOVEMBER 5, 2019 GENERAL ELECTION BALLOT
(SOLICITUD DE UN LUGAR EN LA BOLETA PARA LAS ELECCIONES GENERALES DE LA CIUDAD DE HOUSTON EL 5 DE NOVIEMBRE DE 2019)

**NUMBERED ITEMS DESIGNATED AS 'MANDATORY' (1, 2, 4, 7, 10, 11, and 12) MUST BE COMPLETED OR THE APPLICATION IS SUBJECT TO REJECTION** *(DEBEN COMPLETARSE LOS ITEMS NUMERADOS QUE SE IDENTIFICAN COMO "OBLIGATORIOS" (1, 2, 4, 7, 10, 11, y 12) PUES DE LO CONTRARIO LA SOLICITUD PODRIA SER RECHAZADA)*

TO: MAYOR: (A: Alcalde)

I request that my name be placed on the above-named official ballot as a candidate for the office indicated below.
*(Solicito que se incluya mi nombre en la boleta mencionada, como candidato para el puesto oficial indicado abajo.)*

**1. OFFICE SOUGHT [MANDATORY]** *(PUESTO OFICIAL SOLICITADO [OBLIGATORIO])*
Indicate Mayor, City Controller, or City Council Member. For a City Council position, you must include At-Large and Position No. or Council District Letter designation.
*(Indique si es para: Alcalde, Contralor o Concejal. En este último caso, debe incluir el número general y del cargo o la letra que designa el Distrito del Consejo)*

City Council Member District B

**2. FULL NAME (First, Middle or Initial, Last) [MANDATORY]** *(NOMBRE COMPLETO) (Nombre de Pila, Segundo Nombre o Inicial, Apellido) [OBLIGATORIO]*

CYNThia KAY Bailey

**3. PRINT NAME AS YOU WANT IT TO APPEAR ON THE BALLOT [OPTIONAL]** (If not completed, name will appear as set out in Item 2 above.)*(ESCRIBA SU NOMBRE COMO DESEA QUE APAREZCA EN LA BOLETA) [OPCIONAL] (Si no completa esta parte, su nombre aparecerá como se indica en el punto 2, que antecede)*

CYNThia Bailey

**4. PERMANENT RESIDENCE ADDRESS** Street address and if applicable, apartment number. If no street name assigned to residence, describe physical location of residence (do not include P.O. Box or Rural Rt.) **[MANDATORY]** *(DIRECCIÓN DE RESIDENCIA PERMANENTE: Calle y Número de Departamento. Si no calle no tiene nombre, describa las inmediaciones No incluya en casilla de correo o nombre de camino rural.) [OBLIGATORIO]*

STREET ADDRESS(CALLE) 7830 Flintridge

CITY, STATE (CIUDAD), (ESTADO) Houston, Texas  ZIP (CÓDIGO POSTAL) 77028

**5. PUBLIC MAILING ADDRESS [OPTIONAL]** (campaign mailing address, if available) *(DIRECCIÓN POSTAL PÚBLICA) [OPCIONAL] (Dirección en la que recibirá correspondencia relacionada a su campaña, si es disponible.)*

STREET ADDRESS, P.O. BOX OR OTHER (CALLE - CASILLA DE CORREO U OTRO) 7830 Flintridge

CITY, STATE (CIUDAD), (ESTADO) Houston Texas  ZIP (CÓDIGO POSTAL) 77028

*(right margin, vertical:)* 19 JUL 31 PM 2:58  MAYOR'S OFFICE

**6. OCCUPATION [OPTIONAL]***(EMPLEO) [OPCIONAL]*

Labor

**7. DATE OF BIRTH [MANDATORY]** *(FECHA DE NACIMIENTO) [OBLIGATORIO]*

3-26-63

**8. VOTER REGISTRATION CERTIFICATE NUMBER [OPTIONAL]** *(NÚMERO DE CERTIFICADO DE VOTANTE REGISTRADO) [OPCIONAL]*

**9. TELEPHONE NUMBER (Include area code) & PUBLIC EMAIL ADDRESS [OPTIONAL]***(NÚMERO DE TELÉFONO, Incluya el código de área y correo electrónico público) [OPCIONAL]*

OFFICE: (OFICINA)

HOME: (DOMICILIO) 281 755-0590

PUBLIC EMAIL: (CORREO ELECTRONICO PÚBLICO)

**10. LENGTH OF CONTINUOUS RESIDENCE AS OF DATE OF ELECTION** *(Tiempo continuo de residencia en el mismo lugar a la fecha de la elección)*

| | | |
|---|---|---|
| **IN CITY** (EN LA CIUDAD) **[MANDATORY]** *[OBLIGATORIO]* | **IN DISTRICT** (EN EL DISTRITO) **[MANDATORY FOR COUNCIL DISTRICT CANDIDATE]** *(OBLIGATORIO PARA CANDIDATOS AL CONCEJO)* | |
| 56 yr(s). *(año(s))* 0 mos. *(mes(es))* | 56 yr(s). *(año(s))* 0 mos. *(mes(es))* | |

**11. SWORN AFFIDAVIT [MANDATORY - All spaces must be filled in]** *[DECLARACIÓN JURADA] [OBLIGATORIO - Deben completarse todos los espacios]*

Before me, the undersigned authority, on this day personally appeared the person named in Item 2 herein above, who being by me here and now duly sworn, upon oath says: "I, Cynthia Bailey of Harris County, Texas, being a candidate for the office set out in Item 1 herein above, swear that I will support and defend the Constitution and laws of the United States and of the State of Texas. I am a citizen of the United States eligible to hold such office under the Constitution and laws of this state. I have not been declared totally mentally incapacitated or partially mentally incapacitated without the right to vote by a final judgment from a court exercising probate jurisdiction, nor have I been finally convicted of a felony for which I have not been pardoned or had my full rights of citizenship restored by other official action; I am aware of the nepotism law, Chapter 573, Government Code. If using a nickname as part of my name to appear on the ballot, I further swear that my nickname does not constitute a slogan nor does it indicate a political, economic, social, or religious view or affiliation. I have been commonly known by this nickname for at least three years prior to this election. I further swear that the foregoing statements included in my application are in all things true and correct."

*Ante mí, la autoridad suscrita apareció en persona en el día de la fecha la persona aquí nombrada en el punto 2 que antecede, quien esta mí y habiendo prestado juramento, declara:*

*"Yo, _____, del condado de _____ Texas, siendo candidato para el puesto oficial de _____, para solemnemente que apoyaré y defenderé la Constitución y las leyes de los Estados Unidos y del Estado de Texas. Soy ciudadano de Estados Unidos y cumplo con los requisitos necesarios para ocupar tal puesto oficial las leyes de acuerdo con la Constitución y las leyes de este Estado. No he sido declarado total el parcialmente incapaz por problemas mentales para sufragar por decisión final de un tribunal, ni he sido declarado culpable de un delito grave por el cual no haya recibido un indulto o haya recuperado completamente sus derechos de ciudadanía por medio de otra acción oficial. Tengo conocimiento de la ley sobre el nepotismo según el capítulo 573 del Código Gubernamental. Si usare un apodo como parte de mi nombre completo en la boleta, declaro asimismo que el apodo no es un lema ni indica ninguna filiación política, económica, social o religiosa. He sido conocido habitualmente por este apodo por al menos los últimos tres años anteriores a esta elección. Además juro que las precedentes declaraciones que incluyo en mi solicitud son verdaderas y correctas".*

x Cynthia Bailey
SIGNATURE OF CANDIDATE (FIRMA DEL CANDIDATO)

**12. ATTN: NOTARY - PLEASE FILL IN ALL BLANKS**
*NOTARIO: POR FAVOR, COMPLETE TODOS LOS ESPACIOS EN BLANCO*

Sworn to and subscribed before me at Houston, Tx , this the 30th day of July , 20 19.
*(Jurado y suscrita ante mí en _____ este día _____ de _____ del 20_____)*

(SEAL)
(Sello)

TROY D. LEMON
Notary Public State of Texas
Notary ID 1051691-6
My Commission Expires:
12-15-2020

EXHIBIT
B

Signature of Officer administering oath
(Firma del funcionario que toma el juramento)

Notary
Title of Officer administering oath
(Título del funcionario que toma el juramento)

**TO BE COMPLETED BY MAYOR'S OFFICE:**
*(A COMPLETAR POR LA OFICINA DEL ALCALDE)*

CASA

7/31/19
Date filed
(Fecha de Registro)

Signature of Mayor or Mayor's Designee
(Firma del Alcalde o el funcionario designado por él)

*(left margin, vertical:)* Certified Document Number: 88808341 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019


Certified Document Number:      88088341 Total Pages:  1


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

No. <u>2019-81187</u>

| | | |
|---|---|---|
| RENEE JEFFERSON-SMITH<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 270TH JUDICIAL DISTRICT |
| CITY OF HOUSTON, TEXAS et.al.<br>Defendants. | §<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF CYNTHIA K. BAILEY

BEFORE ME, the undersigned affiant, on this day personally appeared Cynthia K. Bailey, who swore under oath that the following facts are true:

"I am a defendant in the above cause and style and a Candidate in the runoff election to be a councilmember for District B of Houston, Texas.

"I have reviewed the background facts of my 'Original Answer and Plea to the Jurisdiction' and acknowledge that they are true and correct to the best of my knowledge.

"I have not committed perjury in filing my application to be a candidate. I am a U.S. Citizen of sound mind; I acknowledge that I was convicted of a felony but my disability has been removed based upon me completing my sentence and having my voting rights restored.

"I have never tried to mislead the voters of City of Houston or of the United States. It is my understanding based on upon the City of Houston charter that I am lawfully allowed to hold office as a councilmember for my district.

"I promise to uphold the Constitution, respect the laws of the State of Texas, and represent my district to the best of my abilities.

"On November 6, 2019 I was the second-place contender for the seat in district B. Renee Jefferson-Smith was the third-place contender.


x _Cynthia K. Bailey_
CYNTHINA K. BAILEY

SIGNED under oath before me on  _11-11-2019_


_Michael O Cov_
Notary Public

**EXHIBIT**
C

EXHIBIT 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019


Certified Document Number:       88088342 Total Pages:  1


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



TEXAS DEPARTMENT OF CRIMINAL JUSTICE
Institutional Division

1442221          000     7/10/2007          001

BAILEY, CYNTHIA KAY

Certified Document Number: 88088343 - Page 1 of 6



EXHIBIT

D



| DATE OF ARREST | TRN | DPS NO. (SID) | FBI NO | LEAVE BLANK |
|---|---|---|---|---|
| 05162007 | 4306337330 | 03295635 | | |

| COMMITMENT NAME (LAST, FIRST, MIDDLE) | | | | | | TRUE NAME | | | |
|---|---|---|---|---|---|---|---|---|---|
| BAILEY, CYNTHIA KAY | | | | | | | | | |

| DATE OF BIRTH | PLACE OF BIRTH | SEX | RACE | ETH. | HGT. | WGT. | EYES | HAIR | SKINTONE | FOR TDCJ-ID USE ONLY |
|---|---|---|---|---|---|---|---|---|---|---|
| 03261963 | TX | F | B | N | 506 | 165 | BRO | GRY | MBR | |

SCARS, MARKS, TATTOOS & AMPUTATIONS
MOLE R CHK
SC NOSE
SC R LEG

CITIZENSHIP US

TGN LABEL

| COUNTY SENTENCED FROM | CUSTODY ORI | TDCJ-ID# |
|---|---|---|
| HARRIS | TX146015C | 1442221 |

| SENTENCE EXPIRATION DATE | DATE RECEIVED | CUSTODY STATUS |
|---|---|---|
| | 07102007 | |

CHARGES
THEFT>$20K (1)

DISPOSITION
10YRS

LAST RESIDENCE
7830 FLINTRIDGE
HOUSTON, TX 77028

OTHER TRNS

INMATE'S SIGNATURE
XC *Cynthia Kay Bailey*

ID 50X50G8 TP5700 #001036 14:14:42 ... LXT640 #390HK1W 20070711-14:18

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY      L. THUMB    R. THUMB     RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

Certified Document Number: 453802813 - Page 2 of 6



**BAILEY,**
**Cynthia Kay**
**#1442221**

### Transfers and Assignments

| Date | Place | Work |
|------|-------|------|
|      |       |      |

**SUMMARY:**

Reports indicate 2 arrests involving 0 violent offenses--9M adult prob Comal Co. 1999 Theft (completed, VERIFIED)--4Y adult prob Harris Co. 1998 Forg Of Financial Instrument (completed, VERIFIED)--as present TDCJ-CID #1442221, rec'd LJ State Jail 07/10/2007, as state transfer inmate, maintained clear record--claims contact w/mother, 5 siblings, and 1 child (brother, Clifford Earl Bailey, is X/TDCJ-CID #1395983; brother, Anthony Lawrence Bailey, is X/TDCJ-CID #601927)--claims paternal grandfather, paternal grandmother, maternal grandfather, and maternal grandmother, and father are deceased--claims 1 marital failure w/1 child involved--claims divorced--refer to Addt'l Info (Code #7) dated 09/20/2007 by SYD--

**PRESENT OFFENSE SUMMARY:**

The current offense of THEFT OVER $200K involves the subject and three codefendants, Louis Lamonte (fifteen years TDCJ-CID), Valerie Gibson (disposition unknown), and Laimont Tubbs (fifteen years TDCJ-CID), on 06/12/2003 through 02/04/2004, participating in THEFT OF CHECKS from North Forest Independent School District, in Houston, TX. The North Forest Independent School District is the poorest Harris County School District. The subject and three codefendants cashed two checks, one in the amount of $17,000 and the other in the amount of $242,971.75. The stolen checks were sent by Federal Express to a bank in Las Vegas. The subject and three codefendants were arrested, without violence or injuries involved, and transported to the Harris County Jail, where the subject was unable to post a $500,000 bond (VERIFIED).

DPS #: 03295635
FBI #: 367457JB1
SSN #:
DL #:

## Admission Summary

| Name | Number | Offense | Sent. | Class | Ed. | Plea |
|---|---|---|---|---|---|---|
| BAILEY, Cynthia Kay (B) | 1442221 | THEFT OVER $200,000 | 10Y | IB | 12 | NV Yes |

| Max Expir | Minimum Expiration | E.A./I.Q. | Age | DOB | Int./By | Religion |
|---|---|---|---|---|---|---|
| 05/15/2017 | 12/26/2011 | Not Tested 79 | 44 | 03/26/1963 | 08/14/2007 SYD / nz | Methodist |

| Harris | | 05/16/2007 | 07/10/2007 |
|---|---|---|---|
| **COUNTY** | | Sent. Beg. | Date Received |

None

### EMPLOYMENT

| Inst. | Commitments | Escapes | ALL POSTINGS |
|---|---|---|---|
| Juv Prob | | | Jail Good Time Credited From Sentence Begin Date |
| Prob Snt | 2 | | 70th/72nd/73rd LEGISLATURE - MANDATORY SUPERVISION PROSPECT |
| Jails | 1 | | DISCRETIONARY MANDATORY SUPERVISION RELEASE CANDIDATE HB-1433 |
| Reft'y | | | L1 EFF: 05/16/2007   W EFF: 05/16/2007 |
| Det Hosp | | | |
| Det Home | | | 06/28/2007: Series of offenses committed from 06/122003 through 02/04/2004. |
| St Trans | 1 | | |
| St Jail | | | |
| SubA TF | | | |
| TDCJ-ID | | | |
| O/Pris | | | |

BAILEY,
Cynthia Kay

# 1442221

ALL POSTINGS (Cont'd.)

#### Transfers and Assignments

| Date | Place | Work |
|---|---|---|
| | | |

THEFT OVER $200,000 (10Y)

ILLNESS, INJURY OR DEATH - NOTIFY
Trusteen Bailey (MO)
5422 Amy St., Houston, TX 77028

RACE: BLACK          SEX: FEMALE   HEIGHT: 05' 06"     WEIGHT: 165

COMPLEXION: MEDIUM BROWN          EYES: BRO      HAIR: GRY

NATIVITY: Houston, Harris Co., TX                    MARKS and SCARS:
MOLE RT CHEEK, CUT SCAR LFT SD NOSE, CUT SCAR FRT RT KNEE, CUT SCAR FRT RT LEG

DETAINERS:

Certified Document Number: 88088343 - Page 4 of 6



```
PAGE 8
TDCJ-ID# 1442221
BAILEY,CYNTHIA KAY
07/20/2007
```

## FAMILY HISTORY

| | |
|---|---|
| PG/FA | RICHARD BAILEY,SR/DECEASED |
| PG/MO | (UNK)BAILEY/DECEASED |
| MG/FA | NATHAN CHAMPION/DECEASED |
| MG/MO | SAMANTHA PALMER/DECEASED |
| FA | RICHARD BAILEY,JR/DECEASED |
| MO | TRUSTEEN (GLAZIER)BAILEY/5422 AMY ST,HOUSTON,TX ▓▓▓▓ (WID) |
| SIS | LYNETTE LOUISE(BAILEY)JONES,CHARLES/801 PRESS ST,HOUSTON,TX▓▓▓ |
| ***BRO | CLIFFORD EARL BAILEY/TDCJ-ID# 1395983,COTULLA UNIT (1) |
| SIS | ELJYNETTE DENISE (BAILEY)ASKEW/7906 DARLINGTON DR,HOUSTON,TX▓▓ |
| ***BRO | ANTHONY LAWRENCE BAILEY/TDCJ-ID# 601927,TERRELL UNIT (1) |
| BRO | URA DANIEL BAILEY/SAME AS MO |

## MARITAL HISTORY

| | |
|---|---|
| X/HUS | CARL EUGENE PRINCE/5707 LAVENDER ST,HOUSTON,TX |
| SON | RICHARD LAZARO BAILEY/1989/7830 FLINTRIDGE,HOUSTON,TX▓▓▓ |
| BR | |

Certified Document Number: 88088343 - Page 5 of 6

# Exhibit D. Pages 6-76
# REDACTED

Certified Document Number: 88088343 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019

Certified Document Number:      88088343 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/14/2019 9:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38483848
By: Anna Evetts
Filed: 11/14/2019 9:24 AM

NO. <u>2019-81187</u>

| | | |
|---|---|---|
| **RENEE JEFFERSON-SMITH**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | |
| | § | |
| | § | **270TH JUDICIAL DISTRICT** |
| | § | |
| **CITY OF HOUSTON, TEXAS; and** | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| | § | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PLEA TO THE JURISDICTION

Plaintiff asks the court to deny defendant's plea to the jurisdiction and retain plaintiff's suit on the court's docket.

### I. Introduction

1. Plaintiff is Renee Jefferson-Smith; defendants are the City of Houston, Texas and the county of Harris, Texas.

2. Cynthia Kay Bailey is an interested Party.

3. Plaintiff sued defendant for injunctive relief and declaratory judgment.

4. The court has subject-matter jurisdiction over plaintiff's suit and therefore should retain the suit on the court's docket and deny defendant's motion.

### II. Facts

5. Cynthia Kay Bailey ("Bailey") was convicted of theft on June 1, 2007 and sentenced to ten (10) years in the Texas Department of Criminal Justice. This offense is a 1st degree felony. She served 18 months of that sentence and was released on parole. [Exhibit A]

6. Bailey filed an Application for A Place on The City of Houston November 5, 2019 General Election Ballot on July 31, 2019. [Exhibit B] On that application, Bailey signed item 11, a sworn affidavit that swore in particular that"…I have not been declared totally mentally incapacitated or partially mentally incapacitated without the right to vote by a final judgment from a court exercising probate jurisdiction, nor have I been finally convicted of a felony for which I have not been pardoned or had my full rights of citizenship restored by other official actions…"

7. On November 6, 2019, the voters in Houston City Council District B cast their votes for

councilmember of District B, however, the election vote margin did not give any candidate the absolute majority needed to avoid an election runoff. Although the election results are not yet final and certified, Candidate Jefferson-Smith received 13.42% of the vote, making her the third top candidate in the District B Race which was 1% percentage less than that of the number two candidate who appears to be in the runoff at this time.

8. Plaintiff then filed a verified petition seeking injunctive relief and declaratory judgment. Plaintiff sought a hearing in ancillary court on November 8, 2019 for a temporary restraining order which was denied. A hearing was scheduled for November 14, 2019 to hear the temporary and permanent injunctions.

9. On November 11, 2019, Bailey executed an affidavit which was filed in Cause No. 2019-81187; Renee Jefferson-Smith v City of Houston, Texas et.al. In this Affidavit of Cynthia K. Bailey, Bailey swore," …I acknowledge that I was convicted of a felony but my disability has been removed based upon me completing my sentence and having my voting rights restored…" [Exhibit C]

## III. Argument & Authorities

10. When a defendant asks the court to dismiss, the court must overrule the motion unless the pleadings and the parties' evidence clearly demonstrate that the court lacks jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *see, e.g.*, *State v. Sledge*, 36 S.W.3d 152, 155 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (trial court conducted hearing and received oral testimony, affidavits, exhibits, and stipulations). In ruling on the motion, the court is required to construe the pleadings in the plaintiff's favor. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

11. The Interested party, Bailey alleged in her plea to the jurisdiction that this court did not have jurisdiction over this case due to mootness. Bailey asserts that the, "… case is moot because 1) Texas law prevents her from being removed from the ballot; and 2) Bailey is qualified to hold office." (Bailey, Page 3 of 9, Paragraph 10).

12. Defendant's arguments and factual allegations disputing jurisdiction are untrue and a misstatement of Plaintiff's pleadings. First, Bailey is not qualified to hold office. Second, the injunctive relief sought was not to remove Bailey from the ballot but to stop the head of the canvassing authority from certifying votes until a determination of eligibility had been done.

**A. As a matter of law, Cynthia K. Bailey is not qualified to hold office in the state of Texas, the claim of mootness is false. Therefore, the Court does have subject matter jurisdiction**.

13. There is no question that Bailey is a felon. She was convicted of theft >=$200,000. Bailey and three co-defendants stole $259,971.75 from North Forest Independent School District, at the time, one of the poorest school districts in Harris County. [Exhibit D]

14. Bailey acknowledged her felony in the Affidavit she attached to her Original Answer and Plea to the Jurisdiction. (Bailey, Exhibit 1).

15. Article 16, Sec. 2 of the Texas Constitution plainly reads, "EXCLUSIONS FROM OFFICE FOR CONVICTION OF HIGH CRIMES. Laws shall be made to exclude from office persons who have been convicted of bribery, perjury, forgery, or other high crimes." 'High crimes' has been construed by the Supreme Court of Texas to mean, "any offense of the same degree or grade as those specifically enumerated, namely felonies." In re Bazan, 251 S.W.3d 39, 42 (Tex.2008).

16. In an effort to implement this provision of the Texas Constitution, the legislature has enacted Texas Election Code 141.001(a)(4) which states that a person must, "have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities...) In her plea, Bailey erroneously asserts that city charter supersedes the Texas Election Code 141.001(a)(4) relying on Texas Election Code 145.097. However, Bailey mistakenly forgets that the Texas Constitution cannot be superseded by a "charter or any ordinance." (TEX.CONST. art. XI, § 5).

17. Bailey then furthers this blunder by failing to understand that under the state Constitution, which cannot be superseded by a home-rule charter, she cannot hold public office in Texas because she has failed to remove the constitutionally imposed disability i.e. the right to hold office. This has been covered thoroughly and was the subject of an Attorney General's Opinion (KP-251) produced by Ken Paxton on May 22, 2019. In the summary of that opinion Ken Paxton states,

> ""Subsection 141.001(a)(4) of the Election Code provides that to be eligible as a candidate for public office a person must have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from resulting disabilities." The restoration of a convicted felon's qualification to vote under Election Code subsection 11.002(a)(4)(A) after fully discharging a sentence does not restore his or her eligibility to hold public office under Election Code subsection 141.001(a)(4)."

18. Bailey has failed to assert that her disabilities have been removed in any other way except through the faulty logic that the home-rule charter supersedes the Texas Constitution and state election code, which it clearly does not. Therefore, Bailey is ineligible to hold office in the state of Texas.

**B. The injunctive relief sought was not to remove Bailey from the ballot but to stop the head of the canvassing authority from certifying votes until a determination of eligibility had been done.**

19. Bailey failed to grasp the nuanced arguments in Plaintiff's original, and I'm sure amended, pleadings. Bailey goes through an elaborate showing to try and explain why Bailey can't be removed from the ballot. However, Plaintiff is not asking to remove a candidate from the ballot. Plaintiff is seeking to enjoin the head of the canvassing authority from certifying the votes. Although this may sound the same it is not. Therefore, Plaintiff need not go down the rabbit hole of why Bailey can't be removed from the ballot.

## IV. Conclusion

20.  Because plaintiff's pleadings establish the court's jurisdiction, and defendant's factual allegations disputing jurisdiction are untrue, the court should retain plaintiff's suit on the court's docket.

## V. Prayer

21.  For these reasons, plaintiff asks the court to deny defendant's plea to the jurisdiction and retain plaintiff's suit on the court's docket.

Respectfully submitted,

By: _____

LAW OFFICE OF NICOLE R. BATES
Texas Bar No. 24045171
Email:  famjuv07@yahoo.com
The Preserve at North Loop
2010 North Loop West, Suite 175
HOUSTON, TX 77018
Tel. (713) 225-1300
Fax. (713) 225-1301
Attorney for Plaintiff
RENEE JEFFERSON-SMITH

By: _____

DANVAL SCARBROUGH
State Bar No. 24073023
Dan.r.scarbrough@gmail.com
Attorney for RENEE JEFFERSON-SMITH



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019

Certified Document Number:      88088339 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/13/2019 2:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38465712
By: Anna Evetts
Filed: 11/13/2019 2:58 PM

NOTICE:  THIS DOCUMENT CONTAINS SENSITIVE DATA.

## NO. <u>2019-81187</u>

| | | |
|---|---|---|
| **RENEE JEFFERSON-SMITH** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | **270TH JUDICIAL DISTRICT** |
| | § | |
| **CITY OF HOUSTON, TEXAS; and HARRIS** | § | |
| **COUNTY, TEXAS** | § | |
| | § | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

<u>**PLAINTIFF'S AMENDED VERIFIED PETITION FOR DECLARATORY
JUDGMENT AND APPLICATION FOR TEMPORARY RESTRAINING
ORDER AND TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES PLAINTIFF, RENEE JEFFERSON-SMITH, Individually and as a Candidate for District B, City of Houston, and as a registered voter in District B, City of Houston, who files this Amended Verified Petition for Declaratory Judgment and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and in support thereof would respectfully show the Court as follows:

## PARTIES

1.      Plaintiff, RENEE JEFFERSON-SMITH (herein referred to as "Candidate Jefferson-Smith"), an Individual, a Candidate for District B, City of Houston, a registered voter in District B, City of Houston whose address is 9110 Lavender Street, Houston, Texas 77016, Houston, Harris County, Texas, files this Amended Verified Petition for Declaratory Judgment and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction. The last three numbers of RENEE JEFFERSON-SMITH's driver's license number are 856.   The last three numbers of RENEE JEFFERSON-SMITH's social security number are 688.

2.      Defendant, CITY OF HOUSTON (the "City") is a governmental entity in the State of Texas and may be served with citation for process by serving the City of Houston Secretary, Anna Russell, or Acting City of Houston Secretary, Pat Daniels, City of Houston Annex, 900 Bagby Street, Room P 101, Houston, Texas 77002.

3.      Defendant, HARRIS COUNTY, TEXAS (the "County") is a governmental entity in the State of Texas and may be served with citation for service of process by serving Honorable Lina Hidalgo, Harris County, Texas, 1001 Preston Street, Suite 911, Houston, Texas 77002.

4.      Defendant, DIANE TRAUTMAN (the "Clerk") is an independently elected governmental official in the County of Harris, State of Texas and may be served with citation for service of process by serving Honorable Diane Trautman, Harris County, Texas, 201 Caroline, Third Floor,

1

Certified Document Number: 88083885 - Page 1 of 8

Houston, Texas 77002.

5.      Defendant, CYNTHIA KAY BAILEY (herein referred to as "Candidate Bailey"), is an individual and Candidate for District B, City of Houston, and may be served with citation for service of process by serving Cynthia Kay Bailey at 7830 Flintridge Drive, Houston, Texas 77028, or by serving her attorney of record, OLIVER J. BROWN, The Oliver J. Law Firm, P.L.L.C., 4141 Southwest Freeway, Suite 425, Houston, Texas 77027, via E-File at oliver@theoliverllawfirm.com.

6.      This court has jurisdiction over all of the Defendants because Defendants are governmental entities of the State of Texas, elected officials of Harris County, or candidates for public office for/in governmental entities of the State of Texas. Further, venue is proper in Harris County, Texas pursuant to the provisions of Section 15.001, et eq. Texas Civil Practices and Remedies Code, as all of Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences that happened in Harris County, Texas.

## FACTS

7.      In this amended petition for declaratory judgment and application for temporary restraining order, temporary injunction, and permanent injunction now pending in this Court, Plaintiff is seeking to enjoin the City of Houston, and the presiding officer/authority of the final canvassing authority for the office sought by Candidate Bailey, in the District B, City of Houston election, which was held on November 5, 2019, from issuing a certificate of election thus certifying Candidate Bailey as an eligible candidate for the runoff election and ballot as she is an ineligible candidate.

8.      On November 6, 2019, the voters in Houston City Council District B cast their votes for councilmember of District B, however, the election vote margin did not give any candidate the absolute majority needed to avoid an election runoff. Although the election results are not yet final and certified, Candidate Jefferson-Smith received 13.42% of the vote, making her the third top candidate in the District B Race which was 1% percentage less than that of the number two candidate who appears to be in the runoff at this time.

9.      Unfortunately, this candidate, is an ex-felon whose disabilities have not been removed nor have her rights been restored for the purposes of holding public office. Essentially, being finally convicted of a felony in the State of Texas, disqualifies a candidate from holding public office. The Texas Election Code Section 141.001(a)(4) is equally clear: "To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must ... have not been finally convicted of a felony...."

On June 1, 2007, Cynthia Kay Bailey was sentenced to ten (10) years in the Texas Department of Criminal Justice. She served 18 months of that sentence and was released on parole. (See Exhibit A and redacted Exhibit D, as attached)

10.      As a convicted felon, Candidate Bailey is not legally entitled to be seated as the next Councilmember for District B. Furthermore, she may have perjured herself by falsely asserting on her affidavit for public office that she was not an ex-felon. (See Exhibit B, attached)

11.      In reviewing the history of similar matters in Texas, this candidate should not be in the runoff as this will guarantee a victory for the other runoff candidate and deny voters in District B a real choice, and the opportunity to choose between two eligible candidates for the position of Councilmember for District B, thus ensuring that District B voters are not further disenfranchised.

2

Certified Document Number: 88083885 - Page 2 of 8

## GROUNDS

12.     Plaintiff along with the voters and citizens of District B will suffer immediate and irreparable injury, loss, or damage if Defendant's conduct described above is not enjoined for these reasons: Candidate Bailey's disabilities that prevent her from holding an elected office have not been removed either by executive pardon, a judicial release of disabilities, or by operation of statute.

13.     "Conviction for a felony in Texas carries with it, besides a judicially determined punishment, a deprivation of certain rights of citizenship." Tex. Att'y Gen. Op. No. H-587 (1975). A felony conviction results in the loss of civil rights including "the right to vote, the right to seek and hold public office, and the right to sit on a jury." *United States v. Thomas*, 991 F.2d 206; 211, 214 (5ᵗʰ Cir.), cert denied, 510 U.S. 1014 (1993); *United States v. Cassidy*, 899 F.2d 543, 549 (6ᵗʰ Cir. 1990).

Most significantly, "Laws shall be made to exclude from office... [persons] who have been or shall hereafter be convicted of bribery, perjury, forgery, or other high crimes." TEX. CONST. art. XVI, § 2. An individual convicted of a felony is thus ineligible to hold public office whether the conviction comes before or after the individual's election to office. *See id.;* TEX. ELEC.CODE § 141.001(4) (individual convicted of a felony ineligible to hold public office); TEX. LOCAL GOV'T CODE § 87.031 (felony conviction operates as an immediate removal from office); Op. Tex. Att'y Gen. No. H-20 (1973) ("The term `other high crimes' includes any offense of the same degree or grade as those specifically enumerated, namely felonies.") *In re Bazan*, 251 S.W. 3d 39 (Tex. 2008).

Furthermore, the Court treats the constitutional reference to "other high crimes" as a blanket phrase that encompasses all felonies. *In re Bazan*, 251 S.W. 3d 39 at 41 (Tex. 2008).

This notion additionally applies to a Home Rule City Charter, wherein a city charter may authorize nominations, and prescribe eligibility requirements and or qualifications of a candidate for placement on an election ballot, however, a home rule city charter does not and cannot supersede the Texas Constitution, under Art. XVI, Section 2.

The Home Rule City Charter for the City of Houston presumes that candidates who file for elected office and sign the application to be considered a candidate for a city office election are swearing under oath that they have not been finally convicted of a felony, hence the attestation under penalty of perjury that is included in the Sworn Affidavit encompassed and printed on all Applications for a place on the City of Houston November 5, 2019, General Election Ballot. Obviously, if the intent of the Home Rule City Charter was to allow ex-felons to seek and hold public office in the Home Rule City Charter, there would be no need to have a sworn affidavit attesting to no final convictions on the application itself.

Lastly, Article 11, Section 5 of the Texas Constitution specifically provides that the adoption or amendment of charters is subject to such limitations as may be prescribed by the Legislature, and no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State.

14.     Rights to seek and hold public office as well as certain other rights may be restored in several ways, including an executive pardon, a judicial release of disabilities, or by operation of statute. *Easterwood v. State*, 31 S.W.294, 297 (Tex. Crim. App. 1895) (executive pardon); TEX. CODE CRIM. PROC. Art. 42A.701 (judicial release); TEX. ELEC. CODE § 11.002 (a)(4)(A)-(B) (restoration of voting rights) and TEX. CODE CRIM. PROC. Art. 48.05.

The procedure for restoration of voting rights in the State of Texas was done statutorily in House

3

Bill 1001, which became effective in law on September 1, 1997, however, a restoration of voting rights, after a convicted felon has completed and discharged their sentence is not the same as the restoration of rights to seek and hold public office.

15.     In contrast, to procedures for convicted felons to restore his or her ability to vote under Subsection 11.002(a)(4)(A)-(B); Subsection 141.001(a)(4) of the Texas Election Code, recognizes only two methods for a convicted felon to be eligible to hold public office: a pardon or being released from the disability to hold public office. Unlike Subsection 11.002(a)(4)(A)-(B), Subsection 141.001(a)(4) of the Texas Election Code does not automatically restore a convicted felon's eligibility to hold public office upon completion of the individual's sentence. *FM Props. Operating Co. v. City of Austin, 22 S.W.2d 868, 885* (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact laws effectuating its intent.) Moreover, the restoration of a convicted felon's qualification to vote under Election Code, subsection 11.002(a)(4)(A) after fully discharging a sentence does not restore his or her eligibility to hold public office under the Election Code subsection 141.001(a)(4); Op. Tex. Att'y Gen. No. KP-0251 (2019).

Multiple courts have concluded that the automatic restoration of the right to vote to a convicted felon through the completion of his or her sentence does not also restore his or her eligibility to hold public office). Op. Tex. Att'y Gen. No. KP-0251 (2019); *United States v. Huff*, 370 F.3d 454, 461 (5th Cir. 2004)(concluding that defendant was not "otherwise released from the resulting disabilities" of his felony conviction under subsection 141.000(a)(4) when his rights to vote and to possess firearms were restored); *United States v. Maines*, 20 F.3d 1102, 1104 (10th Cir. 1994) (holding that although Texas felon's right to vote in Texas had been restored, subsection 141.001(a)(4) precluded his seeking and holding office).

16.     Texas statutes provide several methods to obtain a release from disabilities resulting from conviction. Judicial clemency or judicial release of disabilities, as contained in the Code of Criminal Procedure, Art. 42A.701, authorizes a judge, in a case in which the defendant has been placed on community supervision, to set aside the verdict and dismiss the charging instrument or indictment against the defendant, under Art. 42A.701(f).

17.     Unlike the restoration of civil rights under Code of Criminal Procedure, Article 48.05, which is a form of pardon that restores all civil rights under the laws of this state that the individual forfeits as a result of the individual's conviction of an offense. Article 48.05 relates to consideration of a request for restoration of civil rights of certain individuals convicted of a federal or military offense, other than an offense involving violence or the threat of violence, drugs, or firearms.

18.     Further, the individual must have completed the sentence for the offense; the conviction occurred three or more years before the date of request and the individual has not been convicted at any other time of an offense under the laws of this state, another state, or the United States.

19.     Though Candidate Bailey completed her sentence for the above, mentioned offense in 2007, it is unclear whether or not Candidate Bailey attempted or was successful at any of the methods to obtain a release from her disabilities allowing her to seek and hold public office.

20.     Plaintiff does not have an adequate remedy at law because although the law does address civil disabilities imposed on felons it does not specifically address the eligibility of a candidate to appear on the ballot as a candidate.  Plaintiff has exercised due diligence in prosecuting this claim.  The injury to Plaintiff and the citizens of District B if Defendant, Candidate Bailey, continues the conduct described above would outweigh any injury the restraining order and injunction might cause Defendants City of Houston and Harris County, and issuance of the restraining order and injunction would not disserve the

4

public interest, in fact it would do the opposite in serving the public interest.

21.     Plaintiff has attached a Sworn Affidavit, (Exhibit C)

## SUIT FOR DECLARATORY RELIEF

22.     Plaintiff seeks declaratory relief as provided in Tex. Civ. Prac. Rem. Code section 37.004 (a), as the Plaintiff is a person who seeks to have the legal relations affected by a statute or municipal ordinance to be determined. Plaintiff seeks to have a judicial declaration as to whether a candidate that is ineligible to be sworn in as an elected member of government may be placed on the ballot in a municipal election, and would that placement on the ballot deprive the voters of a municipal district of an actual eligible choice in said election.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

23.     Plaintiff's application for a temporary restraining order is authorized by Tex. Civ. Prac. & Rem. Code §65.011(1). Plaintiff is entitled to the relief demanded because Plaintiff is a resident-voter of the district affected and is a candidate in the election affected by the presence on the ballot of Candidate Bailey. Plaintiff requires the restraint of the certification of the November 5, 2019 general election votes in District B. Plaintiff requires the restraint of the certification of Candidate Bailey as an eligible candidate for placement on the ballot in the upcoming runoff election on December 14, 2019. Plaintiff requires the restraint of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

24.     Plaintiff asks the court to prevent the defendant, City of Houston, as the presiding authority, from certifying the election results placing Candidate Bailey on the runoff ballot and/or certifying the votes Candidate Bailey received as she is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

25.     Plaintiff asks the court to declare the Candidate Cynthia Kay Bailey ineligible as a candidate for the runoff ballot, or that is entitled to a place on the runoff ballot or to a certificate of election.

26.     It is probable that plaintiff will recover from defendant after a trial on the merits because the Plaintiff has standing and would be harmed by Candidate Bailey. Candidate Bailey is a felon. Candidate Bailey's disabilities have not been removed.  Therefore, by statute, Candidate Bailey is not eligible to run for office.

27.     If plaintiff's application is not granted, harm is imminent because Candidate Bailey would be placed on the ballot causing a two-fold effect. First, Candidate Bailey's certification to the runoff ballot would wrongfully hinder the Plaintiff, an eligible candidate, from being certified to the ballot. Second, if Candidate Bailey is certified to the runoff ballot it effectively denies the voters of District B an electoral choice.

28.     The harm that will result if the temporary restraining order is not issued is irreparable because Candidate Bailey's certification to the runoff ballot would wrongfully hinder the Plaintiff, an eligible candidate, from being certified to the ballot. Additionally, if Candidate Bailey is certified to the

Certified Document Number: 88083885 - Page 5 of 8

runoff ballot it effectively denies the voters of District B an electoral choice.

29.     Plaintiff has no adequate remedy at law because damages are incalculable and the statutes do not provide a mechanism for handling a felon that has been certified for a runoff in violation of state law.

30.     Plaintiff is willing to post bond.

### REQUEST FOR TEMPORARY INJUNCTION

31.     Plaintiff asks the court to set her application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against the defendants.

32.     Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure 39. Plaintiff has joined the necessary governmental units, elected officials and Candidate Bailey.

33.     Plaintiff asks the court to issue a temporary injunction against defendant, City of Houston, as the presiding authority, from certifying the election results placing Candidate Bailey on the runoff ballot and/or certifying the votes Candidate Bailey received as she is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

34.     Plaintiff asks the court to issue a temporary injunction against defendant, City of Houston, as the presiding authority, from certifying the election results and/or votes of the November 5, 2019 general election in District B.  Plaintiff asks the court to enjoin certification of Candidate Bailey as an eligible candidate for placement on the ballot in the upcoming runoff election on December 14, 2019. Plaintiff asks the court to issue a temporary injunction of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

### REQUEST FOR PERMANENT INJUNCTION

35.     Plaintiff asks the court to set her request for a permanent injunction for a full trial on the merits and, after the trial, and issue a permanent injunction against defendant, City of Houston, as the presiding authority, from certifying the election results placing Candidate Bailey on the runoff ballot and/or certifying the votes Candidate Bailey received as she is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

36.     Plaintiff asks the court to issue a permanent injunction against defendant, City of Houston, as the presiding authority, from certifying the election results placing Candidate Bailey on the runoff ballot and/or certifying the votes Candidate Bailey received as she is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

37.     Plaintiff asks the court to issue a permanent injunction against defendant, City of Houston, as the presiding authority, from certifying the election results and/or votes of the November 5, 2019 general election in District B.  Plaintiff asks the court to enjoin certification of Candidate Bailey as an eligible candidate for placement on the ballot in the upcoming runoff election on December 14, 2019.

Certified Document Number: 88083885 - Page 6 of 8

Plaintiff asks the court to issue a permanent injunction of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

### CONDITIONS PRECEDENT

38.     All conditions precedent have been performed or have occurred.

### PRAYER

39.     Plaintiff prays that the Court issue a temporary restraining order restraining Defendants and its officers, agents, servants, and employees from directly or indirectly from listing Candidate Bailey as a runoff candidate in the upcoming City of Houston Runoff Elections; Plaintiff prays the court issue a permanent injunction against defendant, City of Houston, as the presiding authority, from certifying the election results and/or votes of the November 5, 2019 general election in District B.  Plaintiff prays the court enjoin certification of Candidate Bailey as an eligible candidate for placement on the ballot in the upcoming runoff election on December 14, 2019. Plaintiff prays the court to issue a temporary injunction of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

Plaintiff prays the court to issue a permanent injunction of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

40.     Plaintiff be granted reasonable expenses and attorney fees incurred in obtaining the restraining order and injunction; and

41.     Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: _____
        LAW OFFICE OF NICOLE R. BATES
        Texas Bar No. 24045171
        Email:  famjuv07@yahoo.com
        The Preserve at North Loop
        2010 North Loop West, Suite 175
        HOUSTON, TX 77018
        Tel. (713) 225-1300
        Fax. (713) 225-1301
        Attorney for Plaintiff
        RENEE JEFFERSON-SMITH

By: _____

DANVAL SCARBROUGH
State Bar No. 24073023
Dan.r.scarbrough@gmail.com
Attorney for RENEE JEFFERSON-SMITH

Certified Document Number: 88083885 - Page 8 of 8



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 14, 2019


Certified Document Number:        88083885 Total Pages:  8


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**