IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENEE JEFFERSON-SMITH a/k/a RENESHA R. JEFFERSON; RENESHA R. STONEHAM; RENESHA PATTERSON Plaintiff, | § § § § § § | |
| v. | § § | Civil Action No. 4: 19-CV-4482 |
| CITY OF HOUSTON, TEXAS; HARRIS COUNTY, TEXAS; CYNTHIA K. BAILEY; AND DIANE TRAUTMAN Defendants. | § § § § § § | |

**PLAINTIFF RENEE JEFFERSON-SMITH'S
EMERGENCY MOTION TO REMAND**

1. The instant Emergency Motion to Remand arises out of an election contest filed by Plaintiff Renee Jefferson-Smith, a registered voter in District B, City of Houston, and a candidate for the Houston, Texas City Council, District B. *See* Amended Petition, incorporated as if fully set forth herein, and attached hereto as Exhibit A. In the Amended Petition, Plaintiff Jefferson-Smith seeks declaratory and injunctive relief to prevent Defendant Cynthia K. Bailey from appearing on the ballot in the upcoming runoff election after coming in second, ahead of Plaintiff.

2. A hearing on Plaintiff's Temporary Restraining Order is scheduled for 3:00 p.m. today. Defendant just filed her Notice of Removal immediately prior to the scheduled hearing.

3. Under § 1447(c), the Court may remand the case "at any time" based on the lack of subject matter jurisdiction. When a district court discovers a jurisdictional defect in an improperly removed case, the court should remand the case immediately. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

4. This Motion to Remand is emergent because of the exigent circumstances of the underlying election contest, which must be decided quickly in order to allow ballots to be printed for the runoff election on December 14, 2019.

5. On November 14, 2019, Defendant Bailey filed a Notice of Removal in this Court pursuant to 28 U.S.C. §1446(a), seeking to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331. The alleged federal question, by Defendant Bailey's own admission, does not arise from the face of Plaintiff Jefferson-Smith's Amended Petition, but rather an anticipated defense arising under the First Amendment to the United States Constitution. *See* Notice of Removal, ¶ 5.

6. However, federal law makes clear that there is no federal question present in the instant case sufficient to invoke this Court's jurisdiction, and the Amended Petition should be immediately remanded to the District Court of Harris County, Texas, 270th Judicial District.

7. A federal question exists "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *See Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) (construing § 1331); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988) (similarly construing § 1338(a)). "[F]ederal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal

issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

8. First, there is no necessary or substantial federal question before the Court. By Defendant Bailey's own admission, the only potential federal issue is an anticipated defense to the Amended Petition, which is insufficient to grant this Court jurisdiction. *See, e.g.*, *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 476 (6th Cir. 2008) (holding that remand was justified because the federal issue would "at most raise a defense to this action; it would not [constitute] an essential element of the claim.").

9. Second, given the inherent power of the State of Texas to determine the eligibility of candidates for office, any exercise of jurisdiction by this Court would upset the federal-state balance. Because federal "jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, . . . there must always be an assessment of any disruptive portent in exercising federal jurisdiction." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). In the absence of any pressing or predominant federal concerns, this Court (even assuming *arguendo* the presence of a federal question) should decline jurisdiction and remand the Amended Petition on the grounds of comity and respect for state sovereignty, especially in an area as fundamental as local election law.

10. Third, federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar-Medina-Atascosa Ctys. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). The party seeking removal bears the burden of demonstrating that federal jurisdiction is proper. *Id.* "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

11. In light of the foregoing and the contents of the Amended Petition, there are at a minimum significant doubts about this Court's jurisdiction. The courts of the State of Texas are well-positioned to consider and decide any Constitutional defense proffered by Defendant Bailey without the extraordinary interference in local elections that an exercise of this Court's jurisdiction would entail. Accordingly, the instant matter should be remanded.

12. Finally, Defendant Bailey has waived her right to remove the state court action. Bailey was served with the suit on November 11, 2019. On that same date of November 11, 2019, Defendant Bailey filed her Original Answer and Plea to the Jurisdiction. Defendant Bailey did not file a Notice of Removal, or otherwise remove or attempt to remove the suit to federal court. Bailey did not allege any federal question. Bailey did not challenge state court jurisdiction, except as to mootness, under Texas state law. Specifically, Bailey sought a ruling that "the present case is moot because 1) Texas law prevents Bailey from being removed from the ballot; and 2) Bailey is qualified to hold office."

13. Alternatively, for the reasons contained in the Amended Petition, attached hereto, and for the foregoing reasons, and given the immediate and irreparable injury that would result

from the certification of the election results, Plaintiff respectfully requests a Temporary Restraining Order barring certification of the election results pursuant to Fed. R. Civ. P. 65(b).

Respectfully submitted, this the 14th day of November 2019.

                                  Respectfully submitted,

                                  PLAINTIFF RENEE JEFFERSON-SMITH

                                  */s/ Dorsey R. Carson, Jr.*
                                  Dorsey R. Carson, Jr.
                                  State Bar No. 24107142
                                  SD TX Fed Id. 3258618
                                  Carson Law Group, PLLC
                                  1305 W. 11th Street #4017
                                  Houston, TX 77008
                                  Telephone: (346) 291-6999
                                  Facsimile: (601) 510-9056
                                  Email: dcarson@thecarsonlawgroup.com

                                  *ATTORNEY FOR THE*
                                  *PLAINTIFF RENEE JEFFERSON-SMITH*

## **CERTIFICATE OF SERVICE**

    I, Dorsey Carson, Jr., do hereby certify that I have this day filed the above-styled document electronically with the Clerk of Court, which constitutes service by Notice of Electronic Filing upon participants registered in this case with ECF.

    This the 14th day of November 2019.

                                            */s/ Dorsey Carson, Jr.*
                                            OF COUNSEL