

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

NO. 2019-81187

| | | |
|---|---|---|
| RENEE JEFFERSON-SMITH<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § § | |
| | § | 270TH JUDICIAL DISTRICT |
| CITY OF HOUSTON, TEXAS; and HARRIS COUNTY, TEXAS | § § § § | |
| Defendants. | § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S AMENDED VERIFIED PETITION FOR DECLARATORY JUDGMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF, RENEE JEFFERSON-SMITH, Individually and as a Candidate for District B, City of Houston, and as a registered voter in District B, City of Houston, who files this Amended Verified Petition for Declaratory Judgment and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and in support thereof would respectfully show the Court as follows:

## PARTIES

1. Plaintiff, RENEE JEFFERSON-SMITH (herein referred to as "Candidate Jefferson-Smith"), an Individual, a Candidate for District B, City of Houston, a registered voter in District B, City of Houston whose address is 9110 Lavender Street, Houston, Texas 77016, Houston, Harris County, Texas, files this Amended Verified Petition for Declaratory Judgment and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction. The last three numbers of RENEE JEFFERSON-SMITH's driver's license number are 856. The last three numbers of RENEE JEFFERSON-SMITH's social security number are 688.

2. Defendant, CITY OF HOUSTON (the "City") is a governmental entity in the State of Texas and may be served with citation for process by serving the City of Houston Secretary, Anna Russell, or Acting City of Houston Secretary, Pat Daniels, City of Houston Annex, 900 Bagby Street, Room P 101, Houston, Texas 77002.

3. Defendant, HARRIS COUNTY, TEXAS (the "County") is a governmental entity in the State of Texas and may be served with citation for service of process by serving Honorable Lina Hidalgo, Harris County, Texas, 1001 Preston Street, Suite 911, Houston, Texas 77002.

4. Defendant, DIANE TRAUTMAN (the "Clerk") is an independently elected governmental official in the County of Harris, State of Texas and may be served with citation for service of process by serving Honorable Diane Trautman, Harris County, Texas, 201 Caroline, Third Floor,

Houston, Texas 77002.

5. Defendant, CYNTHIA KAY BAILEY (herein referred to as "Candidate Bailey"), is an individual and Candidate for District B, City of Houston, and may be served with citation for service of process by serving Cynthia Kay Bailey at 7830 Flintridge Drive, Houston, Texas 77028, or by serving her attorney of record, OLIVER J. BROWN, The Oliver J. Law Firm, P.L.L.C., 4141 Southwest Freeway, Suite 425, Houston, Texas 77027, via E-File at oliver@theoliverllawfirm.com.

6. This court has jurisdiction over all of the Defendants because Defendants are governmental entities of the State of Texas, elected officials of Harris County, or candidates for public office for/in governmental entities of the State of Texas. Further, venue is proper in Harris County, Texas pursuant to the provisions of Section 15.001, et eq. Texas Civil Practices and Remedies Code, as all of Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences that happened in Harris County, Texas.

## FACTS

7. In this amended petition for declaratory judgment and application for temporary restraining order, temporary injunction, and permanent injunction now pending in this Court, Plaintiff is seeking to enjoin the City of Houston, and the presiding officer/authority of the final canvassing authority for the office sought by Candidate Bailey, in the District B, City of Houston election, which was held on November 5, 2019, from issuing a certificate of election thus certifying Candidate Bailey as an eligible candidate for the runoff election and ballot as she is an ineligible candidate.

8. On November 6, 2019, the voters in Houston City Council District B cast their votes for councilmember of District B, however, the election vote margin did not give any candidate the absolute majority needed to avoid an election runoff. Although the election results are not yet final and certified, Candidate Jefferson-Smith received 13.42% of the vote, making her the third top candidate in the District B Race which was 1% percentage less than that of the number two candidate who appears to be in the runoff at this time.

9. Unfortunately, this candidate, is an ex-felon whose disabilities have not been removed nor have her rights been restored for the purposes of holding public office. Essentially, being finally convicted of a felony in the State of Texas, disqualifies a candidate from holding public office. The Texas Election Code Section 141.001(a)(4) is equally clear: "To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must ... have not been finally convicted of a felony...."

On June 1, 2007, Cynthia Kay Bailey was sentenced to ten (10) years in the Texas Department of Criminal Justice. She served 18 months of that sentence and was released on parole. (See Exhibit A and redacted Exhibit D, as attached)

10. As a convicted felon, Candidate Bailey is not legally entitled to be seated as the next Councilmember for District B. Furthermore, she may have perjured herself by falsely asserting on her affidavit for public office that she was not an ex-felon. (See Exhibit B, attached)

11. In reviewing the history of similar matters in Texas, this candidate should not be in the runoff as this will guarantee a victory for the other runoff candidate and deny voters in District B a real choice, and the opportunity to choose between two eligible candidates for the position of Councilmember for District B, thus ensuring that District B voters are not further disenfranchised.

## GROUNDS

12. Plaintiff along with the voters and citizens of District B will suffer immediate and irreparable injury, loss, or damage if Defendant's conduct described above is not enjoined for these reasons: Candidate Bailey's disabilities that prevent her from holding an elected office have not been removed either by executive pardon, a judicial release of disabilities, or by operation of statute.

13. "Conviction for a felony in Texas carries with it, besides a judicially determined punishment, a deprivation of certain rights of citizenship." Tex. Att'y Gen. Op. No. H-587 (1975). A felony conviction results in the loss of civil rights including "the right to vote, the right to seek and hold public office, and the right to sit on a jury." *United States v. Thomas*, 991 F.2d 206; 211, 214 (5th Cir.), cert denied, 510 U.S. 1014 (1993); *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir. 1990).

Most significantly, "Laws shall be made to exclude from office... [persons] who have been or shall hereafter be convicted of bribery, perjury, forgery, or other high crimes." TEX. CONST. art. XVI, § 2. An individual convicted of a felony is thus ineligible to hold public office whether the conviction comes before or after the individual's election to office. *See id.;* TEX. ELEC.CODE § 141.001(4) (individual convicted of a felony ineligible to hold public office); TEX. LOCAL GOV'T CODE § 87.031 (felony conviction operates as an immediate removal from office); Op. Tex. Att'y Gen. No. H-20 (1973) ("The term 'other high crimes' includes any offense of the same degree or grade as those specifically enumerated, namely felonies.") *In re Bazan*, 251 S.W. 3d 39 (Tex. 2008).

Furthermore, the Court treats the constitutional reference to "other high crimes" as a blanket phrase that encompasses all felonies. *In re Bazan*, 251 S.W. 3d 39 at 41 (Tex. 2008).

This notion additionally applies to a Home Rule City Charter, wherein a city charter may authorize nominations, and prescribe eligibility requirements and or qualifications of a candidate for placement on an election ballot, however, a home rule city charter does not and cannot supersede the Texas Constitution, under Art. XVI, Section 2.

The Home Rule City Charter for the City of Houston presumes that candidates who file for elected office and sign the application to be considered a candidate for a city office election are swearing under oath that they have not been finally convicted of a felony, hence the attestation under penalty of perjury that is included in the Sworn Affidavit encompassed and printed on all Applications for a place on the City of Houston November 5, 2019, General Election Ballot. Obviously, if the intent of the Home Rule City Charter was to allow ex-felons to seek and hold public office in the Home Rule City Charter, there would be no need to have a sworn affidavit attesting to no final convictions on the application itself.

Lastly, Article 11, Section 5 of the Texas Constitution specifically provides that the adoption or amendment of charters is subject to such limitations as may be prescribed by the Legislature, and no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State.

14. Rights to seek and hold public office as well as certain other rights may be restored in several ways, including an executive pardon, a judicial release of disabilities, or by operation of statute. *Easterwood v. State*, 31 S.W.294, 297 (Tex. Crim. App. 1895) (executive pardon); TEX. CODE CRIM. PROC. Art. 42A.701 (judicial release); TEX. ELEC. CODE § 11.002 (a)(4)(A)-(B) (restoration of voting rights) and TEX. CODE CRIM. PROC. Art. 48.05.

The procedure for restoration of voting rights in the State of Texas was done statutorily in House

Bill 1001, which became effective in law on September 1, 1997, however, a restoration of voting rights, after a convicted felon has completed and discharged their sentence is not the same as the restoration of rights to seek and hold public office.

15. In contrast, to procedures for convicted felons to restore his or her ability to vote under Subsection 11.002(a)(4)(A)-(B); Subsection 141.001(a)(4) of the Texas Election Code, recognizes only two methods for a convicted felon to be eligible to hold public office: a pardon or being released from the disability to hold public office. Unlike Subsection 11.002(a)(4)(A)-(B), Subsection 141.001(a)(4) of the Texas Election Code does not automatically restore a convicted felon's eligibility to hold public office upon completion of the individual's sentence. *FM Props. Operating Co. v. City of Austin*, 22 S.W.2d 868, 885 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact laws effectuating its intent.) Moreover, the restoration of a convicted felon's qualification to vote under Election Code, subsection 11.002(a)(4)(A) after fully discharging a sentence does not restore his or her eligibility to hold public office under the Election Code subsection 141.001(a)(4); Op. Tex. Att'y Gen. No. KP-0251 (2019).

Multiple courts have concluded that the automatic restoration of the right to vote to a convicted felon through the completion of his or her sentence does not also restore his or her eligibility to hold public office). Op. Tex. Att'y Gen. No. KP-0251 (2019); *United States v. Huff*, 370 F.3d 454, 461 (5th Cir. 2004)(concluding that defendant was not "otherwise released from the resulting disabilities" of his felony conviction under subsection 141.000(a)(4) when his rights to vote and to possess firearms were restored); *United States v. Maines*, 20 F.3d 1102, 1104 (10th Cir. 1994) (holding that although Texas felon's right to vote in Texas had been restored, subsection 141.001(a)(4) precluded his seeking and holding office).

16. Texas statutes provide several methods to obtain a release from disabilities resulting from conviction. Judicial clemency or judicial release of disabilities, as contained in the Code of Criminal Procedure, Art. 42A.701, authorizes a judge, in a case in which the defendant has been placed on community supervision, to set aside the verdict and dismiss the charging instrument or indictment against the defendant, under Art. 42A.701(f).

17. Unlike the restoration of civil rights under Code of Criminal Procedure, Article 48.05, which is a form of pardon that restores all civil rights under the laws of this state that the individual forfeits as a result of the individual's conviction of an offense. Article 48.05 relates to consideration of a request for restoration of civil rights of certain individuals convicted of a federal or military offense, other than an offense involving violence or the threat of violence, drugs, or firearms.

18. Further, the individual must have completed the sentence for the offense; the conviction occurred three or more years before the date of request and the individual has not been convicted at any other time of an offense under the laws of this state, another state, or the United States.

19. Though Candidate Bailey completed her sentence for the above, mentioned offense in 2007, it is unclear whether or not Candidate Bailey attempted or was successful at any of the methods to obtain a release from her disabilities allowing her to seek and hold public office.

20. Plaintiff does not have an adequate remedy at law because although the law does address civil disabilities imposed on felons it does not specifically address the eligibility of a candidate to appear on the ballot as a candidate. Plaintiff has exercised due diligence in prosecuting this claim. The injury to Plaintiff and the citizens of District B if Defendant, Candidate Bailey, continues the conduct described above would outweigh any injury the restraining order and injunction might cause Defendants City of Houston and Harris County, and issuance of the restraining order and injunction would not disserve the

public interest, in fact it would do the opposite in serving the public interest.

21. Plaintiff has attached a Sworn Affidavit, (Exhibit C)

## SUIT FOR DECLARATORY RELIEF

22. Plaintiff seeks declaratory relief as provided in Tex. Civ. Prac. Rem. Code section 37.004 (a), as the Plaintiff is a person who seeks to have the legal relations affected by a statute or municipal ordinance to be determined. Plaintiff seeks to have a judicial declaration as to whether a candidate that is ineligible to be sworn in as an elected member of government may be placed on the ballot in a municipal election, and would that placement on the ballot deprive the voters of a municipal district of an actual eligible choice in said election.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

23. Plaintiff's application for a temporary restraining order is authorized by Tex. Civ. Prac. & Rem. Code §65.011(1). Plaintiff is entitled to the relief demanded because Plaintiff is a resident-voter of the district affected and is a candidate in the election affected by the presence on the ballot of Candidate Bailey. Plaintiff requires the restraint of the certification of the November 5, 2019 general election votes in District B. Plaintiff requires the restraint of the certification of Candidate Bailey as an eligible candidate for placement on the ballot in the upcoming runoff election on December 14, 2019. Plaintiff requires the restraint of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

24. Plaintiff asks the court to prevent the defendant, City of Houston, as the presiding authority, from certifying the election results placing Candidate Bailey on the runoff ballot and/or certifying the votes Candidate Bailey received as she is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

25. Plaintiff asks the court to declare the Candidate Cynthia Kay Bailey ineligible as a candidate for the runoff ballot, or that is entitled to a place on the runoff ballot or to a certificate of election.

26. It is probable that plaintiff will recover from defendant after a trial on the merits because the Plaintiff has standing and would be harmed by Candidate Bailey. Candidate Bailey is a felon. Candidate Bailey's disabilities have not been removed. Therefore, by statute, Candidate Bailey is not eligible to run for office.

27. If plaintiff's application is not granted, harm is imminent because Candidate Bailey would be placed on the ballot causing a two-fold effect. First, Candidate Bailey's certification to the runoff ballot would wrongfully hinder the Plaintiff, an eligible candidate, from being certified to the ballot. Second, if Candidate Bailey is certified to the runoff ballot it effectively denies the voters of District B an electoral choice.

28. The harm that will result if the temporary restraining order is not issued is irreparable because Candidate Bailey's certification to the runoff ballot would wrongfully hinder the Plaintiff, an eligible candidate, from being certified to the ballot. Additionally, if Candidate Bailey is certified to the

runoff ballot it effectively denies the voters of District B an electoral choice.

29. Plaintiff has no adequate remedy at law because damages are incalculable and the statutes do not provide a mechanism for handling a felon that has been certified for a runoff in violation of state law.

30. Plaintiff is willing to post bond.

## REQUEST FOR TEMPORARY INJUNCTION

31. Plaintiff asks the court to set her application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against the defendants.

32. Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure 39. Plaintiff has joined the necessary governmental units, elected officials and Candidate Bailey.

33. Plaintiff asks the court to issue a temporary injunction against defendant, City of Houston, as the presiding authority, from certifying the election results placing Candidate Bailey on the runoff ballot and/or certifying the votes Candidate Bailey received as she is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

34. Plaintiff asks the court to issue a temporary injunction against defendant, City of Houston, as the presiding authority, from certifying the election results and/or votes of the November 5, 2019 general election in District B. Plaintiff asks the court to enjoin certification of Candidate Bailey as an eligible candidate for placement on the ballot in the upcoming runoff election on December 14, 2019. Plaintiff asks the court to issue a temporary injunction of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

## REQUEST FOR PERMANENT INJUNCTION

35. Plaintiff asks the court to set her request for a permanent injunction for a full trial on the merits and, after the trial, and issue a permanent injunction against defendant, City of Houston, as the presiding authority, from certifying the election results placing Candidate Bailey on the runoff ballot and/or certifying the votes Candidate Bailey received as she is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

36. Plaintiff asks the court to issue a permanent injunction against defendant, City of Houston, as the presiding authority, from certifying the election results placing Candidate Bailey on the runoff ballot and/or certifying the votes Candidate Bailey received as she is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

37. Plaintiff asks the court to issue a permanent injunction against defendant, City of Houston, as the presiding authority, from certifying the election results and/or votes of the November 5, 2019 general election in District B. Plaintiff asks the court to enjoin certification of Candidate Bailey as an eligible candidate for placement on the ballot in the upcoming runoff election on December 14, 2019.

Plaintiff asks the court to issue a permanent injunction of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

## CONDITIONS PRECEDENT

38. All conditions precedent have been performed or have occurred.

## PRAYER

39. Plaintiff prays that the Court issue a temporary restraining order restraining Defendants and its officers, agents, servants, and employees from directly or indirectly from listing Candidate Bailey as a runoff candidate in the upcoming City of Houston Runoff Elections; Plaintiff prays the court issue a permanent injunction against defendant, City of Houston, as the presiding authority, from certifying the election results and/or votes of the November 5, 2019 general election in District B. Plaintiff prays the court enjoin certification of Candidate Bailey as an eligible candidate for placement on the ballot in the upcoming runoff election on December 14, 2019. Plaintiff prays the court to issue a temporary injunction of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

Plaintiff prays the court to issue a permanent injunction of the final canvassing authority for the office sought from certifying the votes received for Candidate Cynthia Kay Bailey, as the candidate is ineligible to hold office based on Texas Election Code Sec 141.001(a)(4); Texas Constitution, under Art. XVI, Section 2.

40. Plaintiff be granted reasonable expenses and attorney fees incurred in obtaining the restraining order and injunction; and

41. Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: /s/ Nicole Bates

LAW OFFICE OF NICOLE R. BATES
Texas Bar No. 24045171
Email: famjuv07@yahoo.com
The Preserve at North Loop
2010 North Loop West, Suite 175
HOUSTON, TX 77018
Tel. (713) 225-1300
Fax. (713) 225-1301
Attorney for Plaintiff
RENEE JEFFERSON-SMITH

By: _____
DANVAL SCARBROUGH
State Bar No. 24073023
Dan.r.scarbrough@gmail.com
Attorney for RENEE JEFFERSON-SMITH